STATE Ex Rel. COLLINS Et Al. *v.* DISTRICT COURT OF EIGHTH JUDICIAL DISTRICT, in AND FOR CLARK COUNTY, Et Al.

No. 3006

March 30, 1933.                    20 P.(2d) 655.

*Ham & Taylor,* for Relator:

*Earl & Morgan,* for Respondents:

## OPINION

By the Court, SANDERS, C. J.:

On July 11, 1932, in an action entitled in the justice's court of Las Vegas township in and for Clark County, wherein Lee Mahoney and Pat Cline were complainants and Helen A. Collins and Edgar W. Collins were defendants, judgment was rendered in favor of the plaintiffs for the sum of $203.46, together with costs and attorneys' fees in the sum of $50. On July 14, 1932, the defendants served and filed notice of appeal from said judgment to the district court of the Eighth judicial district in and for Clark County upon questions of both law and fact, and on that date filed an undertaking on appeal, with two sureties, in the sum of $100 for the payment of the costs on appeal. On July 16, 1932, the transcript on appeal was filed with the clerk of said district court. Afterward, on August 26, 1932, the plaintiffs gave notice of motion to dismiss the appeal upon the ground that the undertaking on appeal was not sufficient to give the district court jurisdiction, in that: (1) No opportunity was given plaintiffs to except to the sufficiency of the sureties; (2) that no written notice of the filing of the undertaking was given as required by section 850 of our civil practice act (section 9339 N. C. L.). The motion to dismiss the appeal came on for hearing and on March 10, 1932, was granted, and on that date

an order of dismissal of the appeal was entered. Whereupon the appellants made application to this court by way of motion for a peremptory order of mandamus to compel the district court and the judge thereof to assume jurisdiction and proceed with the trial of the case de novo.

In support of the motion it is argued that the undertaking on appeal was sufficient to give the respondent court jurisdiction. The point hinges upon the interpretation and construction of that portion of section 850 of the civil practice act, as amended, Stats. 1925, p. 333, c. 189 (section 9339 N. C. L.), which reads as follows: "The adverse party may except to the sufficiency of the sureties within five days after written notice of the filing of the undertaking, and unless they or other sureties justify before the justice within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." Prior to amendment the clause quoted read as follows: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." Section 5792, R. L. 1912. This court had occasion to hold in one case that under section 5792 R. L., the justification of the sureties in the manner prescribed therein was essential to the district court's jurisdiction, where their sufficiency was properly challenged. Yowell v. Dist. Court, 39 Nev. 423, 159 P. 632. In virtue of the amendment, it is clear that the legislature intended that the giving of written notice of the filing of the undertaking to be an essential step in the proceeding on appeal, without which the appeal must be regarded as if no such undertaking had been given. This being so, it follows that the application for the peremptory order to compel the respondent court to assume jurisdiction of the

case must be denied. In arriving at this conclusion, we have considered cases cited from other jurisdictions, and because of the dissimilarity of the statutes reviewed, we do not consider them to be in point.

The application for the writ is denied.