## MINDEN BUTTER MFG. CO. *v.* FIRST JUDICIAL DISTRICT COURT IN AND FOR DOUGLAS COUNTY ET AL.

No. 3141

May 1, 1936.                 56 P. (2d) 1209.

*Morley Griswold* and *George L. Vargas,* for Petitioners:

30

*Geo. A. Montrose,* for Respondents:

## OPINION

By the Court, DUCKER, C. J.:

This is an original proceeding in certiorari. The petition and supporting affidavits disclose that petitioners were defendants in a civil action in the justice's court of East Fork township, State of Nevada, in which judgment was rendered in their favor. Plaintiff therein on the 8th day of August 1935, filed in said justice's court, and served on petitioners, a notice of appeal to the district court of the First judicial district of said county. At the same time plaintiff also filed in said justice's court a written document purporting to be an undertaking on appeal, with one August Syll being the sole surety thereon. This undertaking recites as follows:

"As surety of said undertaking I herewith deposit with the court the sum of one hundred dollars, legal money of the United States." The document was sworn to by the surety.

It is admitted that the deposit of money was made as stated. Neither petitioners nor their attorneys were apprised of the filing of the undertaking or of the deposit of the money, and had no knowledge thereof. On the 22d day of October 1935, the case was tried de novo in said district court, and judgment rendered in favor of plaintiff in the amount of $275 and costs. On the 3d day of December 1935, a motion made by petitioners in said district court for an order vacating the judgment on appeal and dismissing the same on the ground that the court was without jurisdiction to entertain the appeal was denied. Hence the proceeding for a review in this court.

Petitioners contend that jurisdiction was wanting in the district court (1) because no legal bond was ever given to perfect the appeal, and (2) because no written notice of the filing of an undertaking was ever given.

Concerning an appeal from a justice's court, section 9339 N. C. L. provides in part as follows:

"An appeal from a justice's court where no stay of proceedings is claimed is not effectual for any purpose unless an undertaking is filed, with two or more sureties, in the sum of one hundred dollars, for the payment of the costs on the appeal. If a stay of proceedings is claimed, the appellant must file an additional undertaking, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money. * * *

"A deposit of the amount of the judgment, including all costs, appealed from or of the value of the property, including all costs in actions for the recovery of specific personal property, with the justice, is equivalent to the filing of the undertaking."

■ It is insisted by petitioners that these provisions are controlling, and that under them, as to the first

point, the giving either of an undertaking in twice the amount of the judgment, including costs, or a deposit in the amount of the judgment and costs, was an essential step to give the district court jurisdiction. No stay of proceedings was claimed. Consequently an undertaking with two or more sureties in the sum of $100 would have satisfied the statute. There is nothing uncertain about this. The first part of said section so prescribes in precise terms. As we have seen, such an undertaking was not given, but the sum of $100 was deposited in the justice's court at the time the undertaking, with one surety, was filed. We think the deposit was sufficient to confer jurisdiction by virtue of section 9363 N. C. L., which provides: "In all civil cases arising in justice's courts, wherein an undertaking is required as prescribed in this act, the plaintiff or defendant may deposit with said justice a sum of money in United States gold coin equal to the amount required by the said undertaking, which said sum of money shall be taken as security in place of said undertaking."

This was the effect given to a statute of California (section 926 Cal. Code Civ. Proc.) identical with section 9363, by the supreme court of that state, in Laws v. Troutt, 147 Cal. 172, 81 P. 401. When that case was decided, the California statute (section 978 Code Civ. Proc.) providing for appeal bonds in cases arising in justice's courts was practically the same as section 9339 N. C. L. Our statutes were taken from the California code. So we presume that section 9363 N. C. L. was adopted by the legislature with the construction given it by the supreme court of the parent state. Menteberry v. Giacometto, 51 Nev. 7, 267 P. 49.

We are told by petitioners that the case of Floyd v. District Court, 36 Nev. 349, 351, 135 P. 922, 4 A. L. R. 646, supports their contention. The law has been changed since the appeal was taken in that case. Section 9363 N. C. L. was not then, as now, a part of the law governing the taking of appeals in cases arising in justices' courts.

Counsel for petitioners describe this section as a general or catch-all provision of no application. It was not considered so in the state from which it was adopted, Laws v. Trout, supra, nor are we of that opinion. The language of the section does not leave any room for construction in line with petitioner's contention. It reads: "In all civil cases arising in justices' court," etc.

The point that the court was without jurisdiction because no notice of the undertaking or deposit was given must also be decided adversely to petitioners. They rely on the last part of section 9339, which reads: "The adverse party may except to the sufficiency of the sureties within five days after *written notice* of the filing the undertaking, and unless they or other sureties justify before the justice within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." (The *italicizing* is ours.)

It is not there or elsewhere required that notice of a deposit made in lieu of an undertaking be given to a respondent, and with reason. The very purpose to be served in requiring written notice of an undertaking is effected by a deposit in lieu thereof; namely, adequate security. The law does not require vain acts. State ex rel. Collins v. District Court, 54 Nev. 404, 20 P. (2d) 655, cited by petitioners, is therefore not in point.

The writ must be dismissed.

It is so ordered.