[L. A. No. 22328. In Bank. July 14, 1952.]

WILLIAM HENRY WATSON, Appellant, v. DOROTHY MARIE WATSON, Respondent

G. G. Baumen for Appellant.

Meserve, Mumper & Hughes and Leo E. Anderson for Respondent.

SHENK, J.—This is an appeal from a judgment of dismissal of an action for malicious prosecution on the ground that it was sham and frivolous and not filed in good faith. The real question is whether the complaint states a cause of action enforceable by the plaintiff.

The plaintiff, William Watson, and the defendant, Dorothy Watson, were married in Nevada in March, 1948. At that time an interlocutory decree of divorce had been entered as between the plaintiff and his first wife in a California court, but the final decree was not entered until 1950. Immediately prior to his marriage to the defendant and while the California interlocutory decree was still in effect, the plaintiff obtained a Nevada decree of divorce from his first wife and represented to the defendant that he had been legally and finally divorced by that decree and was free to marry her. In November, 1949, the defendant sued the plaintiff for a divorce in California. The trial court held that the Nevada divorce decree was invalid and ineffective in dissolving the plaintiff's prior marriage, and in December, 1950, entered a decree annulling the marriage between the plaintiff and the defendant on the ground that it was bigamous and void. In December, 1949, while the proceedings which resulted in annulment were pending, the defendant caused the plaintiff to be arrested on a charge of battery as defined by section 242 of the Penal Code. Upon trial the plaintiff was acquitted of this charge. That arrest and acquittal form the basis for the present action.

The defendant seeks an affirmance of the judgment on the ground that her marriage to the plaintiff was valid to the extent that it prevented the plaintiff from maintaining a tort action against her for a wrong committed during the purported coverture and that in any event the plaintiff is estopped from contending otherwise.

It is the established rule generally and is the law in California that where the parties are lawful spouses the one may not sue the other for damages in tort. (*Peters* v. *Peters,* 156 Cal. 32 [103 P. 219, 23 L.R.A.N.S. 699].) The rule equally applies to prevent an action for a tort occurring after the entry of the interlocutory decree but before entry of the final decree. (*Paulus* v. *Bauder,* 106 Cal.App.2d 589 [235 P.2d 422].) However, the plaintiff contends that his marriage to the defendant was void from its inception, the alliance being a bigamous one. Under such circumstances,

he asserts, there is no basis for the rule since there was in fact no marriage.

It is unnecessary to determine the legal status of the marital relation of the contending parties at the time this action was brought as bearing upon the plaintiff's right to sue for the reason that a consideration of the principles of estoppel meet him at the threshold of the litigation in support of the order of the trial court.

To maintain his action it is necessary for the plaintiff to deny the validity of the Nevada divorce decree which he secured from his first wife. ██ Decisions of this court have established that a divorce decree is res judicata as between a party thereto and a stranger to that action to the extent that it established the future status of the parties to the divorce. (*Hunter* v. *Hunter,* 111 Cal. 261 [43 P. 756, 52 Am.St.Rep. 180, 31 L.R.A. 411] ; *Blumenthal* v. *Blumenthal,* 97 Cal.App. 558, 561 [275 P. 987].) ██ In *Rediker* v. *Rediker,* 35 Cal.2d 796, 805 [221 P.2d 1, 20 A.L.R.2d 1152], the court stated that "the validity of a divorce decree cannot be contested by a party who has procured the decree or a party who has remarried in reliance thereon or by one who has aided another to procure the decree so that the latter will be free to marry." The decisions in this state and in other states are ample authority for the statement in the Rediker case.

██ The fact that in the present case it had been determined in a prior action that no marriage existed at the time of the alleged tort does not benefit the plaintiff's position. Such an eventuality was taken into consideration in *Harlan* v. *Harlan,* 70 Cal.App.2d 657 [161 P.2d 490]. Before their marriage the plaintiff husband in that case had been instrumental in securing a Mexican divorce for the defendant from her first husband. Thereafter the plaintiff sought an annulment of their marriage as bigamous, asserting that the Mexican divorce was invalid for want of jurisdiction of the court. That situation is analogous to the present case in that in bringing his action it is necessary for the plaintiff to assert the invalidity of a previous divorce obtained by him. In the Harlan case the trial court found that the Mexican divorce decree was invalid, as was the Nevada divorce in the present case, and granted the annulment. In reversing the judgment the court held that notwithstanding the fact that the Mexican decree was invalid, the plain-

tiff was estopped from asserting its invalidity because he had aided and counseled the defendant in procuring it. In the present case the plaintiff is likewise estopped from asserting the invalidity of the Nevada divorce obtained through his own machination. The fact that he obtained that divorce as the party participant states a stronger case against him than operated as an estoppel in the Harlan case.

In a decision by the New York Court of Appeals, relied upon in the Rediker case, a defendant in a suit for separate maintenance asserted as a defense that the marriage was bigamous on the ground that a prior divorce he had obtained from a Nevada court was invalid for want of jurisdiction of that court. The New York court expressly assumed the invalidity of the divorce action but refused to let it be asserted, stating that "to refuse to permit this defendant to escape his obligation to support plaintiff does not mean that the courts of this State recognize as valid a judgment of divorce which necessarily is assumed to be invalid in the case at bar, but only that it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred." (*Krause* v. *Krause,* 282 N.Y. 355, 359-360 [26 N.E. 2d 290].)

By the same reasoning the plaintiff is estopped from asserting the invalidity of the Nevada divorce. Because of his representations to the Nevada court as an inducement to grant him a decree of divorce from his former wife, and his representations to the defendant that it placed him in a position legally to marry, he will not now be heard to say that the Nevada divorce was invalid. Under such circumstances the defendant may rightfully assert the plaintiff's inability to prosecute this tort action against her.

The judgment is affirmed.

Gibson, C. J., Edmonds. J., Carter, J., Traynor, J., Schauer, J., and Spence. J., concurred.