LEWIS W. BERRUM AND DOROTHY L. BERRUM, HIS WIFE, APPELLANTS, *v.* ROSE POWALISZ, RESPONDENT.

No. 3998

November 25, 1957

317 P.2d 1090

*Goldwater, Taber and Hill,* and *Springmeyer and Thompson,* of Reno, for Appellants.

*Clel Georgetta* and *Edwin C. Mulcahy,* of Reno, for Respondent.

# OPINION

By the Court, EATHER, J.:

This is an action for personal injury resulting from negligence. The defendants below have appealed from judgment in favor of plaintiff. Appellants argued their appeal on the assigned error of lack of proximate cause. This is indeed the issue, but it can be more narrowly defined as whether the hazard which resulted in the injury was one for which the defendants should have provided protection. Or, otherwise stating the issue, whether appellants may reasonably be charged with the duty of anticipating or foreseeing the possible occurrence of the happening leading to the injury. Or, stating the question more narrowly, whether the minds of reasonable men could differ as to the foreseeability of the occurrence.

The accident occurred during the course of a softball game held at Moana field in Reno, Nevada. Defendants are the owners of the field. A wire screen protects the grandstand from the playing area. Defendants have permitted the screen to become damaged and worn to the extent that holes exist. On this occasion the plaintiff was seated in the grandstand. A preliminary Little League game had been completed. Two of the young players,

aged about 11 years, had remained on the field. They had found a broken bat, had fitted it together, and were swinging at the air with it. The end of the bat came loose, flew through a hole in the screen, and struck plaintiff, inflicting injury.

Appellants contend that an accident, occurring as did this one, was not reasonably to be anticipated and that it was not, therefore, such risk of injury as would reasonably require protection against it be afforded; that the risks which the wire screen is designed to protect against are the normal hazards involved in the game of baseball; that the duty of protection owed by the proprietors of the baseball field is limited to acts on the part of the players or participants in the game; that no duty of protection is owed as to acts by others who may be on the playing field.

In seeking to confine their responsibility as a matter of law to acts of the players or participants themselves, appellants are going too far. Rather, the hazards against which they owed protection were those reasonably to be expected in the light of the use to which the field was being put.

Among the cases on which appellants rely are Hughes v. St. Louis National League Baseball Club, Inc., 359 Mo. 993, 224 S.W.2d 989, 16 A.L.R.2d 904, where the plaintiff was knocked down by the "roughhousing" of a group of boys, and Ratcliff v. San Diego Baseball Club, 27 Cal. App.2d 733, 81 P.2d 625, where plaintiff just beyond the area covered by a protective screen, was struck by a flying bat. The decisions in each case were for the defendant. In each case, however, the court ruled that foreseeability of the injury could not, under the facts of the case, be established as a matter of law and that the question should have gone to the jury.

In the case at bar we conclude that the question of foreseeability is essentially one of fact. From the judgment of the trial court sitting without a jury a finding is implicit that the hazard of injury was reasonably to be foreseen. In support of such determination we may note

that skylarking is a propensity of boys; that if those boys are themselves baseball players their presence on the sidelines of a baseball game will lead to play in a manner connected with the game; that if baseball equipment is lying about it is in the nature of boys to make use of it in their play. These boys rightfully were on the field earlier engaging in their own ball game. We find nothing in the record to indicate that their remaining on the sidelines was not to be anticipated save the testimony of the boys that they had not done so before.

We are reinforced in this view by the informal nature of the game that was in progress. It was not a scheduled game. It was not a league game. It was a softball game in which the contenders were the Bartenders on the one hand and the Dealers on the other. It was not a game in which one might anticipate the employment of a professional umpire, strict official supervision, or such other policing as would be expected in a regular league game. The owners of the field rented it for this purpose. This illustrates the conclusion that each case of this nature must be determined upon its own facts without establishing a precedent for other cases arising under different facts and circumstances.

Under these facts we conclude that a reasonable man might well believe that such skylarking as was here involved was reasonably to be anticipated as a hazard related to the use to which the field was being put. At the least, we conclude, reasonable minds might well differ upon the question. Under these circumstances this cannot be said to be a case where factual determinations of the trial court may be set aside and remoteness determined as a matter of law.

Appellants further contend that by sitting in the grandstand at a point where the screen was damaged the plaintiff assumed the risk of injury. There is testimony to the effect that she was warned of danger and was aware of the existence of the hole. This, however, she denied. The trial court expressly found that she did not have

knowledge and was not warned and, under the circumstances, this determination cannot be disturbed. Appellants contend that even though she may not have had actual knowledge of the existence of the hole she should be held to have such knowledge, as a reasonable person would have observed the condition of the protective screen. Assumption of risk, however, requires actual knowledge or it cannot be said that the risk has been assumed. Nor is an invitee who has paid for the privilege of attending and using the facilities of the defendant required to examine into the safety of such facilities. She is entitled to rely upon the fact that they are provided for her safety and cannot be held to have been contributorily negligent in failing to check.

Judgment affirmed with costs.

BADT, C. J., and MERRILL, J., concur.