## MARY M. CARRIGAN, Appellant, *v.* WILLIAM GEORGE ARBONIES, Respondent

No. 3991

December 9, 1957                    318 P.2d 1109

(Rehearing denied January 2, 1958.)

*J. Fred Haley*, of Oakland, Calif., and *Vargas, Dillon and Bartlett*, of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey and Thompson*, of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal taken by the plaintiff below from judgment for the defendant pursuant to jury verdict in

an action for personal injuries resulting from an automobile collision. The plaintiff's contention is that the collision resulted from negligence on the part of the defendant. We refer to the parties as they appeared in the court below.

Pursuant to Rule 49 (b) NRCP interrogatories were submitted to the jury, answers to which accompanied the general verdict. By answer to the first interrogatory the jury found that the defendant was not guilty of negligence. Plaintiff first contends that there is no substantial evidence to support this determination on the part of the jury.

From the testimony of the defendant the jury could have found the accident to have occurred in the following manner:

On the evening of January 22, 1955, after dark, defendant was proceeding westward on the Mt. Rose Highway to Lake Tahoe in Washoe County. In "giving a wide berth" to an approaching car defendant's right rear tire left the pavement, sliding down the sloping shoulder of the road to the gutter. The shoulder was snow covered although the pavement was dry. Defendant was unable to bring the car back onto the pavement. In his efforts to do so the car skidded into such a position that both rear tires were in the gutter and the car was faced across the highway and perpendicular to it. The front of the car blocked about half of the westbound lane of the highway, leaving the eastbound lane clear. For approximately three minutes defendant attempted to extricate his car. At this point, plaintiff's car, driven by her husband, topped a rise some 100 yards back down the highway. Defendant jumped from his car, started towards its front with the intention of giving warning to the approaching car from in front of his own headlights. Realizing he would not have time to do so he almost immediately returned to his car. The impact occurred just after he had reentered it, plaintiff's car striking defendant's car a glancing blow. Plaintiff was thrown from her car and sustained serious injuries.

Defendant's car was facing in such a position that neither the headlights nor the taillights were visible to

an approaching westbound car. Plaintiff contends that defendant was negligent in failing to give warning that his car was partially blocking the highway. Warning could have been given, plaintiff contends, by turning on the dome light in the car's interior and by walking back down the highway to the top of the rise and flagging down the approaching car. Plaintiff contends that defendant's failure to give warning was so clearly in violation of the standard of care of a reasonably prudent man as to render his conduct negligence as a matter of law, and that a contrary finding was not available to the jury under the facts.

Defendant contends that his first duty as a reasonably prudent man was to make every effort to remove his car from the position of danger which it occupied; that he was still so occupied at the time of the approach of the plaintiff's car; that at that point time did not permit him to give warning although he attempted to do so in the only manner that occurred to him.

We are unable to say that the unfortunate circumstances of this case leave no room for honest difference of opinion as to the reasonable and prudent course to pursue or as to the standard of care to which the defendant must be held in the light of the urgency of the situation. Defendant's conduct cannot, then, be held to constitute negligence as a matter of law. Whether it constituted negligence remained for the jury to determine and its determination will not be disturbed upon appeal.

Plaintiff has assigned as error the giving of certain instructions bearing upon the question of whether plaintiff's husband was guilty of negligence and of whether defendant's conduct was the proximate cause of the accident. In the light of our decision upon plaintiff's first contention it is not necessary to deal with these questions. In the absence of negligence on the part of the defendant they are of no significance.

Affirmed with costs.

BADT, C. J., and MERRILL, J., concur.