GENSLER-LEE OF RENO, INC., Appellant, *v.* NIOMIA GEERTSON, FRITZE L. COBLENTZ, KATE N. DODD, KATE N. DODD, as the Guardian of the Person and Estate of RICHARD R. DODD, SOUTHWORTH COMPANY, CITY OF RENO, Respondents.

No. 4018

December 13, 1957                    318 P.2d 1113

*Vargas, Dillon and Bartlett,* and *Alex A. Garroway,* of Reno, for Appellant.

*Clel Georgetta,* of Reno, for Niomia Geertson.

*Woodburn, Forman, Wedge, Blakey and Thompson,* of Reno, for Coblentz, Dodd and Southworth Company.

*Samuel B. Francovich,* of Reno, for City of Reno.

## O P I N I O N

By the Court, BADT, C. J.:

Respondent Niomia Geertson was injured from a fall when her shoe caught in the corner of a defective closed steel basement door on the sidewalk in front of the abutting premises known as 156 North Virginia Street in Reno. She sued the City of Reno, respondents Coblentz and Dodd, the owners of the property, respondent Southworth Company as the lessee and appellant Gensler-Lee of Reno, Inc., sublessee and occupant. The trial resulted in a jury verdict in favor of Mrs. Geertson and against Gensler-Lee but in favor of the City, the owner and the lessee of the premises. At the trial the City, the owner and the lessee joined appellant in defending the action upon the ground that the defect in the cellar doors was so minor in character as to give no basis for suit as a matter of law. Although they have not changed their views in this respect, they ask affirmance of the judgment entered upon the verdict absolving them and holding only Gensler-Lee, the sublessee and occupant of the premises, as liable.

Gensler-Lee, the only appellant, contends for a reversal upon the ground (1) that the defect in the door (or in the door frame) was minor; (2) that a verdict only

against Gensler-Lee cannot be sustained; and (3) that reversible error resulted from the trial court's refusal to give a requested instruction to the effect that if the injury resulted from an unsafe condition of the basement door Gensler-Lee would not be liable unless it caused the door's condition to become worse after it acquired its sublease.

(1) Southworth Company's lease embraced a large building, of which the Gensler-Lee subleased premises constituted a part. Southworth's lease had existed for many years. It had never used the premises but subleased them to others. The basement to which the steel doors gave access was part of the Gensler-Lee subleased premises. Neither Southworth nor Gensler-Lee ever used the basement or the access through the steel doors, but Gensler-Lee had the exclusive right of their use. Gensler-Lee's lease was dated September 15, 1949 and was a renewal of an existing lease. The accident occurred March 14, 1956 during the period of such renewal lease.

The steel doors were of the usual type of sidewalk doors opening upward and outward. They were hinged to a one-eighth inch thick metal frame affixed to the cement sidewalk. One corner of it had, apparently from much usage, become broken. Not only the frame itself but the broken corner of the door, in the shape of two prongs that pointed outward and upward, were elevated to a height above the sidewalk of from one-half to three-quarters of an inch. Mrs. Geertson's open-toed shoe somehow became fastened or caught either under the frame or under the defective corner of the door and she was thrown forward. "It held my foot * * * and it threw me * * * the frame around the cellar door had pulled loose from the pavement * * * I believe three quarters of an inch * * * there was a crack in the corner of the door * * * It had very sharp edges sticking up like a prong on it * * *. I examined the corner * * *. It was high enough to go inside the toe of my shoe * * *. The sole would slip right in under the

grating, the frame." Other witnesses testified approximately to the same effect.

Appellant cites numerous cases in which the defect in the sidewalk was held to be minor or trivial as a matter of law and urges that under the theory of these cases denial of the motion for summary judgment, denial of motion for judgment non obstante veredicto and denial of motion for new trial all constituted error. The minor or negligible defect cases are legion. It would serve no purpose to discuss them. The jury trying the present case were permitted to examine what appear to be excellent photographs, and they also had a view of the premises, as well as hearing and observing the several witnesses. A situation was undoubtedly presented in which the minds of reasonable men might differ upon the standard of care required under the circumstances and as to whether appellant's action in permitting the cellar doors to be maintained in the condition described was negligence. Under such circumstances it is not the function of this court either to interfere with the jury's verdict or to find error in the court's denial of the motion for judgment for defendant Gensler-Lee notwithstanding the verdict. Carrigan v. Arbonies, 73 Nev. 325, 318 P.2d 1109; Berrum v. Powalisz, 73 Nev. 291, 317 P.2d 1090.

(2) In support of its assignment that a verdict only against Gensler-Lee cannot be sustained without a verdict against its sublessor and against the owner of the premises, appellant asserts "That same evidence [of negligence] is present with respect to the owners and Southworth Company. They were guilty if Gensler-Lee was guilty". Appellant then cites numerous cases to the general effect that under the circumstances the sublessor or the owner would be guilty of the negligence if any existed. Some of the cases cited hold that under particular circumstances the negligence was that of the owner and not that of the lessee. Without discussing the applicability of these cases we do not find them in point as to the error urged. In the first place the sublease to

Gensler-Lee required it to make all repairs to the premises which might arise in connection with its use and occupancy thereof, and further provided that the sublessee should hold the sublessor free from liability for injury to any person upon or about the premises. Such sublease was admitted in evidence. In the second place it does not appear that Gensler-Lee is aggrieved by that part of the jury's verdict which absolved its sublessor or the owner. If they were joint tortfeasors with appellant, there would be no right of contribution among them. 18 C.J.S. 14, Contribution, § 11. Mrs. Geertson might have sued any one of them without joining the others.

(3) Appellant assigns error in the court's refusal to give the following instruction: "If you find that plaintiff is entitled to a verdict because of an unsafe condition of the covering over the basement opening and if you find that such condition existed on October 2, 1945 at the time the lease was signed from Southworth Company to Gensler-Lee of Reno, Inc., then Gensler-Lee would not be liable unless you also find that it caused the condition to become worse." The court properly refused the instruction as not setting forth the law. The negligence of Gensler-Lee as sublessee, the occupant of the premises, in maintaining the doors in an unsafe condition would not be excused by reason of the fact that they were in that condition when it leased the premises. No authorities are cited in support of a contrary conclusion.

As a matter of fact the following instruction was given without any objection by any of the parties:

"While there are six defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each is entitled to a fair consideration of his or its own defense and is not to be prejudiced by the fact, if it should become a fact, that you find against another. The instructions given you govern the case as to each defendant, to the same effect as if he (or it) were the only defendant in the action, and regardless of whether reference is made to defendant or defendants in

the singular or plural form." The giving of this instruction is not assigned as error. It should be added also that although there is evidence to the contrary, there is in the record evidence from which the jury could have concluded that the dangerous condition of the doors did not exist at the time of the renewal of the lease in 1945.

There being no error, the judgment is affirmed.

EATHER and MERRILL, JJ., concur.