CHARLES COOK AND ELIZABETH COOK, HUSBAND
AND WIFE, APPELLANTS, *v.* GENEVA FARIA,
RESPONDENT.

No. 3985

August 11, 1958.                              328 P.2d 568.

*Williams and Mann,* of Elko, for Appellants.

*Perce Hall,* Mountain Home, Idaho, and *Orville R. Wilson,* Elko, for Respondent.

OPINION ON REHEARING

*Per Curiam:*

On the original submission of this appeal we affirmed the judgement against both appellant. 73 Nev. 295, 318

P.2d 649. As to the question of simple negligence on the part of Mrs. Cook, we said: "Reasonable minds might well differ upon the question whether the acts of Mrs. Cook violated the standard of conduct of a reasonable man and a jury finding of simple negligence would not be disturbed under these circumstances." We thereafter granted a rehearing on the issue whether upon the law and the facts the record could support judgment against Charles Cook, Elizabeth's husband. Appellant Charles Cook filed a brief on rehearing but no brief has been filed on behalf of the respondent.

The acts of negligence in support of the judgment heretofore affirmed were all the acts of Elizabeth Cook, driver of the car in question. Appellant refers to additional facts as follows:

"The 1953 Dodge Sedan was referred to as 'our car' and it may be conceded that the car was the community property of both defendants in the action.

"There is a complete absence of any testimony that Charles Cook took any part in directing his wife, Elizabeth, as to what roads to follow or how to operate the car. Elizabeth Cook drove the entire distance of the trip and did not seek advice or assistance from Charles Cook. He had no function as a lookout for any of the other occupants of the car." This is not controverted by respondent. Judgment against Charles Cook can, therefore, be supported only if his wife's negligence can be imputed to him. The doctrine of such imputed negligence has never been adopted in this state. See Fredrickson & Watson Const. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627. There is, accordingly, nothing to support the judgment against appellant Charles Cook. As to him, the judgment is reversed. No costs are allowed on the rehearing. Remittitur may issue forthwith.