MAGGI KENNEDY, APPELLANT, *v.*
JACK KENNEDY, RESPONDENT.

No. 4267

June 10, 1960                                    352 P.2d 833

*Nada Novakovich,* of Reno, for Appellant.

*Goldwater, Taber and Hill,* of Reno, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

This is a tort action by a wife against her husband to recover damages for personal injuries resulting to her from a bullet which she alleges her husband negligently discharged from a gun. The lower court granted the husband's motion to dismiss the complaint. Appeal is from the judgment of dismissal.

The sole question involved in this appeal is whether a wife has a cause of action against her husband for personal injuries caused by his negligence.

At common law there was no cause of action in favor of a wife against her husband sounding in either tort or contract. Although appellant in her opening brief concedes this to be the common-law rule, she maintains that the rule has been abrogated in Nevada by NRS 12.020.[1]

This statute by its express provisions has modified the common law to the extent of creating in the wife a cause of action in her favor against her husband when the action concerns either her separate property or her interest in the homestead. She already had such right as against third persons at common law, but she was unable to enforce the same until the enactment of said statute without joining her husband as a party plaintiff. But even this statute did not empower her to sue alone to enforce against third persons her common-law right to security of her person. It was not until 1949 that such

---

[1] NRS 12.020: *"Action by or against a married woman.* When a married woman is a party, her husband must be joined with her, except: 1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone. 2. When the action is between herself and her husband, she may sue or be sued alone. 3. * * *."

right was given her by the legislature. Nev.Stats. 1949, ch. 42 (now NRS 41.170).

By the weight of authority in the United States the rule is that even under statutes similar to NRS 12.020 the wife has no cause of action against her husband to recover for an injury to her person. There is a respectable minority, however, which holds that such a statute impliedly creates in the wife such a cause of action. The annotation in 43 A.L.R.2d 632 summarizes the rule in each of the various states.

It is not necessary to consider at this time the reasons given to support either the majority or minority rule, because of our conclusion that the majority rule is the law in Nevada.

In the case of Peters v. Peters (1909), 156 Cal. 32, 103 P. 219, 221, 23 L.R.A. (n.s.) 699, the California Supreme Court held that section 370 of the California Code of Civil Procedure, the pertinent provisions of which are identical with NRS 12.020, could not be construed to show an intention to permit actions for tort between husband and wife. "It would be a forced interpretation to attempt to discern in that declaration (Code Civ. Proc. § 370), or in any of the provisions of the Civil Code, an intent to make a departure from the common law so radical, and so opposed to its general policy, as the authorization of a suit by the husband or wife against the other for injuries to the person or character." In Watson v. Watson, 39 Cal.2d 305, 246 P.2d 19, in approving its decision in the Peters case the same court said as late as 1952: "It is the established rule generally and is the law in California that where the parties are lawful spouses the one may not sue the other for damages in tort."

In 1911 our legislature readopted the California Code of Civil Procedure, which included Code Civ. Proc. § 370 (1911 CPA § 47; 1912 RL § 4989; NCL § 8546; NRS 12.020) ;[2] so we must presume that the legislature in

[2] A similar statute adopted from the Practice Act of California had been in existence in Nevada since 1861 (Sec. 7, Chap. 103, of the 1861 Laws of the Territory of Nevada) and can be found in Cutting, Compiled Laws of Nevada (1900) sec. 3102.

1911 intended to adopt this statute with the construction already given it by the supreme court of the parent state. Minden Butter Mfg. Co. v. District Court, 57 Nev. 29, 56 P.2d 1209; O'Brien v. Commissioners, 41 Nev. 90, 167 P. 1007. See also Williams v. Glasgow, 1 Nev. 533, 538; Whitmore v. Shiverick, 3 Nev. 288, 303; Weil v. Howard, 4 Nev. 384, 393.

Appellant directs attention to the case of Fredrickson-Watson Constr. Co. v. Boyd (1940), 60 Nev. 117, 102 P.2d 627, which approved the rule that damages for personal injuries to a wife are her separate property.[3] Because of this rule she contends that NRS 12.020 which gives her the right to sue alone "when the action concerns her separate property" and which, when the action is between her and her husband, gives her the right to sue alone, is a positive declaration changing the common-law rule by permitting her to sue her husband for a personal tort. The Fredrickson case was a suit by husband and wife against a third person for personal injuries to the wife negligently inflicted. The said rule emerging therefrom as well as NRS 41.170 merely express the common-law rule. They did not create any new cause of action in favor of a wife, nor broaden the scope of NRS 12.020 so as to give her thereunder a remedy where she had no existing cause of action. Cf. Strong v. Strong, 70 Nev. 290, 267 P.2d 240, 269 P.2d 265.

It is our conclusion that the common-law rule that a wife cannot sue her husband for a personal tort prevails in Nevada in the absence of a permissive statute to the contrary and neither NRS 12.020 nor NRS 41.170 is such a statute.

Affirmed.

BADT and PIKE, JJ., concur.

---

[3] The ruling of the Fredrickson case in this respect was made statutory in 1949. NRS 41.170.