EDITH L. MORRISSETT, APPELLANT, v.
E. J. MORRISSETT, RESPONDENT

No. 4781

December 14, 1964                    397 P.2d 184

*Gordon W. Rice* and *Leo P. Bergin,* of Reno, for Appellant.

*Goldwater, Taber and Hill,* of Reno, for Respondent.

**OPINION**

By the Court, McNamee, J.:

This is a tort action brought by Edith L. Morrissett against her husband, E. J. Morrissett, to recover damages for personal injuries. The wife's complaint charges that while she was in the car owned and being driven by her husband, he drove in a grossly negligent manner, causing a collision with another automobile which also was being driven in a grossly negligent manner. The husband's motion to dismiss the action upon the ground that no cause of action against him was stated was submitted for decision on March 20, 1963 and the motion was granted on June 11, 1964.[1] Judgment of dismissal was entered June 15, 1964.

Appeal is from the judgment of dismissal.

---

[1]The record does not disclose the reason for this delay of almost 15 months.

The sole question on appeal is whether Nevada should continue to follow the rule of interspousal immunity for torts established in this state in the case of Kennedy v. Kennedy, 76 Nev. 302, 352 P.2d 833.

In Kennedy we upheld the common-law rule, which is the majority rule in the United States, that there is no cause of action in favor of a wife against her husband sounding in tort. It was there argued that NRS 12.020[2] and NRS 41.170[3] should be construed as giving the wife a right to sue her husband for personal injuries resulting from his negligence. We concluded however that the common-law rule that a wife cannot sue her husband for a personal tort prevails in Nevada in the absence of a permissive statute to the contrary and that neither NRS 12.020 nor NRS 41.170 is such a statute.

Also in Kennedy we cited with approval the case of Peters v. Peters (1909), 156 Cal. 32, 103 P. 219, 23 L.R.A., N.S., 699, and Watson v. Watson (1952), 39 Cal.2d 305, 246 P.2d 19, which in construing a California code provision identical to NRS 12.020 held that there was no intent to depart from the common law so as to authorize a suit by the husband or wife against the other for injuries to the person or character.

In 1962, the California Supreme Court expressly overruled Peters and Watson.

---

[2]NRS 12.020. *"Action by or against a married woman.* When a married woman is a party, her husband must be joined with her, except:

1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone.

2. When the action is between herself and her husband, she may sue or be sued alone.

3. * * *."

[3]NRS 41.170. *"Option of husband and wife to sue jointly or separately.* In cases where a wife sustains personal injuries by reason of the negligence of another, suit may be brought by the husband and wife jointly or separately at their option. When brought jointly, damages shall be segregated and those damages assessed by reason of personal injuries and pain and suffering shall be awarded to and belong to the wife, and damages assessed for loss of services and for hospital and medical expenses and other care shall be awarded to the husband. In cases where the wife sues separately, all damages sustained by the wife shall be awarded to and belong to the wife."

In Self v. Self, 26 Cal.Rptr. 97, 376 P.2d 65, the court held that "at least for an intentional tort one spouse may maintain an action against the other in California." In Klein v. Klein, 26 Cal.Rptr. 102, 376 P.2d 70, the Self rule was extended to negligent torts. Both of these cases were influenced by legislative changes made since Peters and Watson, and particularly by the 1957 amendment of Cal.Civ.Code § 163.5 which provides that "all damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person." We had before us NRS 41.170, a similar statute, when we decided Kennedy, and we concluded as aforesaid that NRS 41.170 was not to be construed as to permit a wife to sue her husband for a personal tort. That was the law in Nevada when California chose in Self and Klein to disregard our construction of this type of statute.

We feel that any change in the common-law rule of interspousal immunity with respect to personal torts must be made by the legislature. Rubalcava v. Gisseman, 14 Utah 2d 344, 384 P.2d 389. To date, as shown by Kennedy and reiterated herein, its enactment of NRS 12.020 and NRS 41.170 have not effected such a change. As stated in the dissenting opinion of Justice Schauer in Klein: "When the Legislature sees fit to change the common law rule it is able—as we are not—to view the problem in all its ramnifications and to provide the necessary safeguards against abuses of the law."

Affirmed.

BADT, C. J., concurs.

THOMPSON, J., dissenting:

This case involves the common law rule of interspousal immunity for a negligent tort. In Kennedy v. Kennedy, 76 Nev. 302, 352 P.2d 833, this court applied the common law rule of immunity, pointing out that the legislature had not, by enacting NRS 12.020 or NRS 41.170, authorized a wife to sue her spouse for a negligent tort. We are asked to reexamine the validity of

the common law principle in the light of today's conditions and to abandon it as archaic and unreasonable; in short, to overrule Kennedy.

It seems to me that the reasons for discarding the rule greatly outweigh those given in its support. At the moment, the states are almost evenly divided on the question. See Annot., 43 A.L.R.2d 647 (1955); 36 So. Cal.L.Rev. 456 (1963). Departure from the rule is the modern trend and is advocated by eminent tort scholars. Prosser, Torts, 2d ed., pp. 670–675; Harper & James, Torts, pp. 645, 646 (1956); McCurdy, Personal Injury Torts Between Spouses, 4 Vill.L.Rev. 303 (1959). The arguments for and against are fully articulated in the above citations and, more recently, in Rubalcava v. Gisseman, 14 Utah 2d 344, 384 P.2d 389 (against abolition); Klein v. Klein, 26 Cal.Rptr. 102, 376 P.2d 70 (for abolition); and Cramer v. Cramer, 379 P.2d 95 (Alaska 1963) (for abolition); and need not be repeated here. However, I do wish to briefly mention one phase of the total problem which, in the negligence area, persuades me to disagree with Kennedy and with the majority view in today's case.

I am convinced that the common law rule of interspousal immunity encourages the trial of negligence cases and discourages settlement. There is no sensible reason for treating this case differently than the usual guest case against joint tort-feasors.[1] The great bulk of court litigation today is in tort, and particularly tort cases arising out of motor vehicle accidents. By far, most of these accidents involve more than one vehicle. Consequently, when a guest is the claimant, he will seek to fasten liability upon the drivers of the colliding vehicles as joint tort-feasors and, if successful, may obtain satisfaction of judgment from either or both. The joint tort-feasors, as judgment debtors, do not enjoy any right of contribution. Gensler-Lee v. Geertson, 73 Nev. 328, 318 P.2d 1113. The result, of course, is that sometimes the tort-feasor least at fault may be required to pay the judgment. The result is justified, I suppose,

---

[1] Of interest is the annotation in 2 A.L.R.2d 932 regarding "Guest statute as applicable to member of family riding in car driven by another member."

because of the difficulty encountered in attempting to compare negligence and distribute the dollar loss as between joint defendants. This general scheme has proven to be reasonably workable. The host-defendant is protected to the extent that his liability rests upon proof of gross negligence, intoxication or willful misconduct (NRS 41.180), while the codefendant may be found liable for ordinary negligence. In any event, the situation gives rise to the possibility that two defendants may be liable to the guest. Because of this fact alone, the joint defendants (or their insurance carriers) are encouraged to settle the claim, each sharing a part of the loss. It is common knowledge, I think, that where two parties are available to share the loss, settlement is more likely than where one defendant only is involved.

Yet this general scheme, which has worked fairly well through the years, cannot be applied to the instant case, simply because the guest happens to be the wife of one of the drivers. Settlement, instead of being encouraged, is frustrated. Our law absolves the spouse-driver (host), even though grossly negligent, intoxicated, or guilty of willful misconduct, and directs the guest to sue the other driver (Kennedy v. Kennedy, supra, and today's case) and then adds the final touch by refusing to impute the conduct of the spouse-driver to the spouse-guest to bar relief. L.A. & S.L.R. Co. v. Umbaugh, 61 Nev. 214, 123 P.2d 224; Fredrickson & Watson Const. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627. Settlement of such a case is not likely. The driver from whom the spouse-guest is required to seek relief is not inclined to settle, for his concurrent fault may be minor when compared to the fault of the spouse-driver. Trial is thus encouraged by applying the rule of interspousal immunity. It seems preferable to treat the spouse-guest in the same manner as any other guest. A wife or a husband should receive the same kind of justice accorded a friend or a stranger who seeks to recover from his host under the guest statute.

The possibility of collusion between husband and wife is not a sound reason for continuing adherence to the rule of immunity. Photography, scientific investigative procedures, pre-trial discovery, cross examination, etc.,

are usually adequate safeguards against the fabricated claim. Trial courts and jurors are sensitive to the "trumped up" charge. For these reasons, and for those expressed in Klein v. Klein, supra, I dissent.