STEPHEN DALE PEARCE and FREDERICK PEARCE, Appellants, v. DEBRA KAY BOBERG, Also Known as DEBRA KAY PEARCE, Respondent.

No. 6971

June 13, 1973                    510 P.2d 1358

*Diehl, Recanzone, Evans & Smart,* of Fallon, for Appellants.

*Hibbs & Bullis,* of Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

This appeal seeks reversal of a judgment for personal injuries caused to respondent by her husband's negligence before marriage. The primary appellate contention is that the trial court erred in allowing respondent to prosecute her action, because a wife may not sue her husband in tort. We disagree.

In an automobile owned by appellant Stephen Dale Pearce's father, appellant Frederick Pearce, Stephen and respondent Debra Kay Boberg left California together, enroute to Idaho where they planned to be married. In Nevada, Stephen negligently caused the automobile to leave the highway and overturn, injuring Debra Kay. Two days later, they were married and, shortly thereafter, Debra Kay commenced this action. The jury favored respondents with its verdict; from a judgment thereon, this appeal ensued.

In Morrissett v. Morrissett, 80 Nev. 566, 397 P.2d 184 (1964), a majority of this court reaffirmed the rule that a wife may not sue her husband for a personal tort occurring during marriage. Since then, a number of jurisdictions have repudiated that common-law doctrine. See, for example: Brooks v. Robinson, 284 N.E.2d 794 (Ind. 1972); Freehe v. Freehe, 500 P.2d 771 (Wash. 1972); Hosko v. Hosko, 187 N.W.2d 236 (Mich. 1971); Immer v. Risko, 267 A.2d 481 (N.J. 1970); Beaudette v. Frana, 173 N.W.2d 416 (Minn. 1969). However, because Stephen's tort occurred before marriage, we need not re-examine our prior holding in Morrissett, except to

note that here the reasons underlying that decision are absent. Cf. Mosier v. Carney, 138 N.W.2d 343, 352 (Mich. 1965).

Since respondent's right of action against appellants accrued prior to marriage, we perceive no warrant for holding that the subsequent marriage somehow "extinguished" that right, which was and is respondent's separate property. Nev. Const. art. 4, § 31; Choate v. Ransom, 74 Nev. 100, 104, 323 P.2d 700, 702 (1958); F. & W. Const. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627 (1940).

Other assignments of error have been reviewed, and are deemed without merit.

Affirmed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.