JOAN ZIGLINSKI, Appellant, v. FARMERS
INSURANCE GROUP, Respondent.

No. 9061

January 19, 1977                558 P.2d 1147

*Stephen C. Mollath,* Reno, for Appellant.

*Hawkins, Rhodes, Sharp & Barbagelata,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On March 17, 1973, Stephen Ziglinski was involved in an automobile accident which resulted in injuries to his wife Joan, a passenger. In an effort to recover damages Joan sued Stephen and the driver of the other vehicle.[1]

Respondent instituted a separate action seeking declaratory judgment to enforce an interspousal liability exclusion contained in the automobile insurance policy it had issued to

---

[1] By this time, Joan and Stephen had been divorced.

Stephen Ziglinski.[2] The policy was sold to Ziglinski in Oregon, where Joan and Stephen resided.

The district judge, declaring the liability exclusion to be valid, granted summary judgment absolving respondent of any obligation to pay or indemnify Stephen Ziglinski for any damages which he may become legally obligated to pay Joan. This appeal follows.

This court, in Rupert v. Stienne, 90 Nev. 397, 528 P.2d 1013 (1974), abrogated the doctrine of interspousal immunity regarding claims arising out of motor vehicle accidents. Prior to *Rupert,* interspousal immunity barred a tort action by one spouse against the other. Morrissett v. Morrissett, 80 Nev. 566, 397 P.2d 184 (1964). Here, Joan contends *Rupert* should apply retrospectively to the time of her accident; thus, the argument goes, the interspousal liability exclusion in the insurance policy would contravene the public policy of this state and therefore be void. We disagree.

Because there has been justifiable reliance on earlier decisions upholding interspousal immunity; and, since prospectivity fosters stability, only prospective effect from the date it was rendered will be given to *Rupert.* Accord, Fountain v. Fountain, 200 S.E.2d 513 (Va. 1973); and, Darrow v. Hanover Township, 278 A.2d 200 (N.J. 1971), and cases cited in both opinions.

Other contentions raised by appellant are without merit and we need not consider them.

Affirmed.

---

[2]The exclusion provides that the policy does not apply "to the liability of [the] insured for bodily injury to (a) any member of the same household of such insured except a servant, or (b) the named insured."