ELIZABETH C. STONBOROUGH, Respondent, *v.* PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant.

Argued January 3, 1944; decided March 2, 1944.

*Irving I. Goldsmith* and *Jos. L. Roesch* for appellant. The appellant is not liable to the respondent on the policy it issued to her husband. (*Fuchs* v. *London & Lancashire Indemnity Co.,* 171 Misc. 908, 258 App. Div. 603; *Materazzi* v. *Commercial Casualty Ins. Co.,* 157 Misc. 365; *755 Seventh Ave. Corp.* v. *Carroll,* 266 N. Y. 157; *Weatherwax* v. *Royal Indemnity Co.,* 250 N. Y. 281; *Coster* v. *Coster,* 289 N. Y. 438; *Gutta Percha & R. Mfg. Co.* v. *Mayor,* 108 N. Y. 276; *Hellstern* v. *Hellstern,* 279 N. Y. 327;

*Matter of Whitney & Kitchen,* 146 App. Div. 45; *Jennings* v. *Loucks,* 163 Misc. 791; *Fox* v. *Employers' Liability Assur. Corp.,* 243 App. Div. 325, 267 N. Y. 609; *Lorando* v. *Gethro,* 228 Mass. 181.)

*Philip Hoffer* and *James A. Doherty* for respondent. Under an automobile liability policy, the company's liability must be read as of the day of the accident and not as of the date of the judgment. The judgment should be affirmed. (*Messersmith* v. *American Fidelity Co.,* 232 N. Y. 161; *DiMarco* v. *Ciccone, Inc.,* 287 N. Y. 601; *Green Bus Lines* v. *Ocean Acc. & Guaranty Corp.,* 287 N. Y. 309; *Brassil* v. *Maryland Casualty Co.,* 210 N. Y. 235; *Douglas* v. *United States Fidelity & Guar. Co.,* 127 A. 708; *Rozell* v. *Rozell,* 281 N. Y. 106; *New Amsterdam Casualty Co.* v. *Mandel,* 170 A. 19.)

*Per Curiam:* A motor vehicle liability policy issued by the defendant to Thomas Stonborough undertook to pay on his behalf — " all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the (insured's) automobile." On the date when the plaintiff was injured in the automobile covered by that policy she was not married to the insured. When later an action was instituted by her against the insured, and when judgment in that action in her favor was entered against the insured, she had become the insured's wife. In the present action by the same plaintiff against the defendant insurer to recover the amount of such judgment entered by the plaintiff against the insured (her husband), payment is resisted upon the ground that the insurer incurred no liability because at the time judgment was obtained the plaintiff was the insured's wife and the policy which is the basis of the suit did not contain the express provision required by section 167, subdivision 3, of the Insurance Law covering liability for injuries sustained by the insured's spouse.

By the terms of the policy the liability of the insurer became fixed on the happening of the accident, at which time the plaintiff and the insured were not married. We have not overlooked the ruling to the contrary in *Fuchs* v. *London & Lancashire*

*Indemnity Co.*, 258 App. Div. 603, which was not reviewed by this court.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ. concur.

Judgment affirmed.