Ondovchik, Appellant, v. Ondovchik.

644

[redacted]

Argued March 25, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

[redacted] reargument refused August 2, 1963.

[redacted]

*James P. Gill,* with him *Edward O. Spotts, Charles S. Morrow,* and *Harrison & Louik,* for appellant.

*George M. Weis,* with him *Weis & Weis,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1963:

On the night of July 11, 1957, appellee, Albert W. Ondovchik, while driving his automobile in the Bor-

ough of Whitaker toward Kennywood Park, Allegheny County, as he proceeded uphill around a curve to the right where the street car tracks leave the highway, struck almost head-on, an automobile driven by Anthony L. Tyborowski. Another automobile following appellee's car, driven by James H. Cranston, ran into the rear of the Ondovchik car after the latter had hit the Tyborowski car. Appellant, Carol Dallas, then unmarried, was a passenger in the Ondovchik car and suffered serious injuries.

As a result of the collisions, three separate suits were instituted, two of which are not involved in this appeal. On September 19, 1958, suit was begun on behalf of Carol Dallas, a minor, by her parents, and by her parents in their own right against Anthony L. Tyborowski and James H. Cranston, the operators of the two other automobiles involved in the accident. Defendant Cranston brought in appellee as an additional defendant on October 29, 1958.[1] The minor plaintiff reached her majority on December 23, 1958, and married the additional defendant, Ondovchik, on May 14, 1960.

In December, 1960, the case was tried, and the jury returned a verdict solely against Albert W. Ondovchik. Motions for a new trial and to vacate the verdict were filed by the additional defendant. The motion for a new trial was refused but, subsequently, the verdict against the additional defendant was set aside because the plaintiff and additional defendant were husband and wife.[2]

---

[1] All three suits were consolidated and tried together. The pre-trial judge ordered that the case be tried as to liability only.

[2] The court below initially refused both motions. From these refusals Ondovchik, the additional defendant, filed an appeal to this Court. While this appeal was pending, a petition to return the record for reargument was granted, and reargument was held on June 26, 1962, limited to the motion to set aside the verdict in

The issue in this appeal is whether, in a tort action, a verdict in favor of the wife-plaintiff against her husband, joined as additional defendant, should be set aside or vacated simply because the parties are husband and wife at the time the verdict was rendered. The court below based its determination entirely on our decision in *Meisel v. Little,* 407 Pa. 546, 180 A. 2d 772 (1962), and held that the ruling of that case was controlling because the fundamental issue involved was identical.

We do not construe the *Meisel* case to control the fundamental issue here presented in light of the factual background of the instant case. In this case, at the time suit was entered, plaintiff was an unmarried minor. This action was not commenced or maintained against her prospective husband but, rather, was instituted and maintained against the drivers of the other two automobiles, Anthony L. Tyborowski and James H. Cranston. Albert W. Ondovchik was not sued by plaintiff but was joined by one of the defendants as an additional defendant. Plaintiff and additional defendant were not married until 20 months after the suit was instituted.[3] Plaintiff did not testify against her husband and the additional defendant did not testify against plaintiff, but both gave testimony against the original defendants. The issue was whether the plaintiff should recover against the defendants named in her suit. It was the verdict of the jury which imposed liability upon the additional defendant.

favor of plaintiffs against the additional defendant. On July 25, 1962, the order refusing to set aside the verdict, insofar as it related to appellant, was vacated and the motion was granted. From this order Carol Dallas Ondovchik took the present appeal.

[3] It is interesting to observe that had this action been brought in a judicial district whose calendar was more current, the action would very likely have been disposed of prior to the marriage, and plaintiff would not have had her right to the verdict challenged.

In *Meisel,* although the minor was injured at the time she was single, she married the defendant *before* the action was begun. The suit was filed on her behalf directly against her husband as defendant. In her complaint, she alleged that the careless driving of her husband caused the accident. The issue raised was whether she, as the wife, could maintain an action against her husband for personal injuries sustained prior to her marriage. Had suit proceeded to trial, she, of necessity, in order to prevail, would have had to testify against her husband, and her husband, to defend, would have been required to testify against his wife. No issue, factual or otherwise, was presented involving possible liability of an additional defendant.

The mere presence of a husband or a prospective husband as an additional defendant in a suit does not bar recovery. The action proceeds against the original defendants only, exactly as it would have, had the additional defendant not been named. See *Koontz v. Messer,* 320 Pa. 487, 181 Atl. 792 (1935); *Fisher v. Diehl,* 156 Pa. Superior Ct. 476, 40 A. 2d 912 (1945); cf. *Rau v. Manko,* 341 Pa. 17, 23, 17 A. 2d 422, 425 (1941). The verdict of the jury does not change the nature of the litigation; it is rather the end result and not the equivalent of a suit or action so as to bar commencement of the suit itself.

The Act of June 8, 1893, P. L. 344, §3, as amended, Act of March 27, 1913, P. L. 14, §1, 48 P.S. §111 (1930), provides: "Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property." Since the suit was not instituted

against her husband, no legislative prohibition precluded its commencement or trial or the verdict in her behalf. It was error for the court below to deprive plaintiff of the jury's verdict.

Order reversed.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.