# Norma Juaire, by her mother and next friend, Loretta Record v. Duane Juaire

[259 A.2d 786]

No. 23-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

Robert B. Eldredge, Montpelier, for Plaintiff.

Wick, Dinse & Allen, Burlington, for Defendant.

**Smith, J.** Pursuant to 12 V.S.A. Sec. 2386, the following question has been submitted to this Court by the Chittenden County Court of Chancery:

> Can a female who has sustained personal injuries in an accident in Vermont, and who subsequently marries the tortfeasor, maintain an action to recover damages arising out of the accident against her tortfeasor husband?

The factual background of the cause submitted is relatively simple and undisputed. The parties to this suit were involved in a one-car accident in Brandon, Vermont, on December 29, 1964. On October 2, 1965, the parties were married. The petitioner commenced this action in equity on December 27, 1967, seeking recovery for personal injuries which she suffered in the pre-marital accident.

In considering the question presented we restrict ourselves to considering only the particular circumstances disclosed in the cause now before us. The leading case in this jurisdiction on the question of whether a wife can sue her husband in law for personal injuries received by her while riding as a guest

in her husband's automobile, by reason of his claimed gross negligence, is *Comstock* v. *Comstock*, 106 Vt. 50, 169 A. 903.

In *Comstock*, the Court was concerned in construing 15 V.S.A. Sec. 61 (then G.L. 3521) and 15 V.S.A. Sec. 66 (then G.L. 3524) to determine whether a wife had the right to sue her husband in an action at law for a tort committed against her by him during coverture. The opinion in the case concluded with the words:

> "Clearly such right is not to be found in express terms in our statute; nor can it be fairly implied from the language used.
>
> If such a radical change is to be made in the common-law rights and liabilities of married persons, as that urged by the plaintiff, it must be made by clear legislative enactment and not by this Court in giving an unwarranted construction to the statute before us."

It is petitioner's contention in the cause now before us that the question presented by the circumstances here make the case clearly distinguishable from *Comstock*. Among the factual differences in the present cause as contrasted with *Comstock*, is that the cause of action which the petitioner claims to have against the defendant arose before the marriage of the parties, and that the petitioner was a minor, both at the time of the accident, at the time of marriage and at the time of bringing suit. But we think of whatever importance or non-importance such factual differences might have under other circumstances, it is not important here. The crucial and distinguishing difference in the cause before us and the case that confronted the Court in *Comstock* is that in *Comstock* the plaintiff's action against her husband was in a court of law while in the cause before us the action was brought in the Court of Chancery.

The Married Woman's Act in 15 V.S.A. Sec. 66 provides as follows:

> "All personal property and rights of action acquired by a woman before or during coverture, except by gift from her husband, shall be held to her sole and separate use. Neither a wife's separate property or the rents, issues, income and products of the same shall be subject to the disposal of her husband or liable for his debts. Nothing

herein contained shall authorize a claim by either husband
or wife against the other for personal service."

We think that there cannot be any doubt that this petitioner,
injured through the claimed negligence of one then not her
husband, had a right of action acquired before marriage
against one who subsequently became her husband. Even after
marriage, this right of action was for her sole and separate
use, but during the period of the coverture, according to the
now somewhat dubious dictate of *Comstock* she could not exer-
cise her right of action against one who was then her husband,
in a court of law.

However, even prior to the enactment of the Married Wom-
an's Act this Court had taken under consideration the rights
of a married woman to bring an action in equity, rather than
in law, against her husband.

In the early case of *Porter* v. *Bank of Rutland,* 19 Vt. 410,
the Court, admitting that at that time the wife could neither
sue or be sued in her own name, pointed out that in Chancery
there was no necessity of the husband being made a party in
suits affecting the particular estate of the wife. The Court
then went further in stating the difference between the prin-
ciples of the common law and those of equity, in the matter
of suits between husband and wife.

> "But chancery has permitted a still further departure
> from the principles of the common law. Whenever there
> exists an antagonism of interest between the two, it allows
> the wife to bring a suit against her husband, and *e con-
> verso,* the latter against the former, as if they were sole
> and unmarried. It is merely necessary to introduce the
> slight machinery of a next friend; and in some cases
> the court will, by interlocutory order, compel the husband
> to defray the expenses of the suit on both sides, while the
> right is in suspense." *Porter* v. *Bank of Rutland, supra,*
> p. 417.

In the later case of *Travelers Insurance Co.* v. *Gebo et al.,*
106 Vt. 155, at p. 162, 170 A. 917, at p. 920, the Court stated
that under G.L. 3251 (now 15 V.S.A. Sec. 61) the common law
disability against a wife making contracts with her husband
still existed, although the law by then permitted her to make
contracts with persons other than her husband. But the opin-

ion then went on to declare, as to contracts between husband and wife:

> "But although such a contract is void and unenforceable at law, it is, if fair and just, valid and enforceable in equity."

What was stated in the *Gebo* case relative to the rights of a married woman to sue her husband in equity upon a contractual dispute between them applied with equal force to a right of action for a tort brought between wife and husband in equity. For as was said in *Porter* v. *Bank of Rutland, supra,* equity allows a wife to bring a suit against her husband "whenever there exists an antagonism of interest between the two."

Under 15 V.S.A. Sec. 66, the petitioner had acquired a right of action for her own and sole use. But she lacked a remedy to enforce the right that she had acquired because of her subsequent marriage to the tortfeasor. By bringing her action in equity, she did not seek to acquire a new right, what she did seek was a new remedy.

> "Equity will not suffer a wrong, or as sometimes stated, a right, to be without a remedy and this maxim includes the whole theory of equity jurisdiction and affords relief whenever a right exists and no remedy at law is available." 30 C.J.S. Equity, Sec. 105, p. 1070.

The petitioner, in her brief, also has raised various questions regarding the rights of a married woman under both the United States Constitution and the Constitution of the State of Vermont to sue her husband, under the Married Woman's Act. Our rule is that the constitutionality of an act will not be considered unless disposition of the case requires it. *Chase* v. *Billings,* 106 Vt. 149, 155, 170 A. 903.

By bringing her action in equity with the aid of the "slight machinery" of next friend, she sought the remedy afforded in the Court of Chancery that she believed was not afforded her by the law. Our answer must be to the question presented to us, limiting that answer to the circumstances of the case presented, that the plaintiff here may maintain her action in equity to recover damages arising out of the accident alleged to have been caused by the tortfeasor husband.