## Richmond

Foy Johnson Surratt, Administrator, Etc. v. Loman Thompson, Et Al.

September 1, 1971.

Record No. 7606.

Present, All the Justices.

*John W. Carter (Carter and Wilson*, on brief), for plaintiff in error.

*Stuart B. Campbell, Jr.; Edwin C. Stone (Campbell & Campbell; Dalton, Turk & Stone*, on brief), for defendants in error.

Gordon, J., delivered the opinion of the court.

In another case decided today, we abrogated the rule of parental immunity in automobile accident litigation. *Smith* v. *Kauffman,*

*Adm'r*, 212 Va. 181, 183 S.E.2d 190. This appeal requires us to decide whether the rule of interspousal immunity deserves the same fate.

Cornelia Jane Surratt died as a result of a collision between an automobile driven by her husband, in which she was riding, and an automobile driven by a third person. Her administrator brought this wrongful death action against her husband and the third person. We will deal first with the case against the husband.

The husband filed a demurrer to the motion for judgment on the ground that he was immune from liability. The trial court sustained the demurrer and dismissed the action against the husband.

What we said in *Smith* v. *Kauffman, Adm'r, supra*, disposes of any contention that we should continue the rule of interspousal immunity in automobile accident litigation because of the possibility of fraud or collusion or because the rule is calculated to promote the peace and tranquillity of the home and the advantageous disposal of the family exchequer. The sole existing reason for continuing the interspousal immunity rule is the disability of a wife to sue her husband for a personal tort under the common law as understood in the past.

■ In *Keister's Adm'r* v. *Keister's Ex'rs*, 123 Va. 157, 96 S.E. 315 (1918), involving an action by a wife's administrator against her husband's executors for her death resulting from his assault, this Court recognized that the then common law conferred no right in the wife to sue her husband for an assault. As put by Judge Burks in his concurring opinion:

> "At common law, husband and wife were, for the most part, regarded as one, and that one was the husband. . . . The mere act of marriage gives rise to a new status between the parties thereto and society, and to new rights and obligations between the parties themselves. . . . These obligations inhere in the mere fact of marriage, and forbid the idea that this 'one flesh' may so divide itself that either spouse may sue the other. . . ."

*Id.* at 176-77, 96 S.E. at 321-22. We held in *Keister* that the action could not be maintained because the Virginia married woman's act, Va. Acts of Assembly 1900, ch. 1139 at 1240 (now Va. Code Ann. § 55-36 (1969)), did not give the wife the right to sue her husband for a personal tort.

In *Furey* v. *Furey*, 193 Va. 727, 71 S.E.2d 191 (1952), we held that the married woman's act did not give a wife the right to maintain

an action against her husband for personal injuries incurred before the marriage. And by dictum in *Vigilant Ins. Co.* v. *Bennett,* 197 Va. 216, 89 S.E.2d 69 (1955), we reaffirmed the principles of the *Keister* and *Furey* cases.

So the *Keister* case stands for the proposition that in 1918 the common law afforded the wife no right to sue her husband for a personal tort, and the *Keister* and *Furey* cases stand for the proposition that the married woman's act conferred no such right whether the tort was committed before or after the marriage. Since the Virginia wrongful death statute, now Code § 8-633 (1957), affords a deceased wife's personal representative no right of action unless the right existed immediately before her death, *Street* v. *Consumers Corp.,* 185 Va. 561, 39 S.E.2d 271 (1946), we have this question squarely before us: Does the common law, as it exists in 1971, cling to the concept that the "one flesh" of husband and wife may not so divide itself as to permit an action by wife against husband for personal injuries sustained in an automobile accident?

In deciding this question, we should consider the nature of the common law, well expressed by Chief Justice Vanderbilt:

> ". . . One of the great virtues of the common law is its dynamic nature that makes it adaptable to the requirements of society at the time of its application in court. There is not a rule of the common law in force today that has not evolved from some earlier rule of common law, gradually in some instances, more suddenly in others, leaving the common law of today when compared with the common law of centuries ago as different as day is from night. The nature of the common law requires that each time a rule of law is applied it be carefully scrutinized to make sure that the conditions and needs of the times have not so changed as to make further application of it the instrument of injustice. Dean Pound posed the problem admirably in his *Interpretations of Legal History* (1922) when he stated, 'Law must be stable, and yet it cannot stand still.' "

*State* v. *Culver,* 23 N.J. 495, 505, 129 A.2d 715, 721 (1957).

▮ Moreover, we have the injunction of *Worrell* v. *Worrell,* 174 Va. 11, 20, 4 S.E.2d 343, 346-47 (1939), dealing with intra family tort immunity, that former rules should give way to rules of reason in the light of changed circumstances.

The metaphysical concept that husband and wife are one flesh, as

the sole barrier to interspousal actions for injuries incurred in automobile accidents, "cannot be seriously defended today". *Immer* v. *Risko*, 56 N.J. 482, 488, 267 A.2d 481, 484 (1970). Nothing in the nature of the common law required us in *Smith* v. *Kauffman, Adm'r, supra*, to adhere to a parental immunity rule that no longer appeals to reason under today's high incidence of insurance covering automobile accidents. Likewise, nothing in the nature of the common law requires us to adhere to an outmoded concept that a wife cannot so separate herself from her husband's flesh as to be capable of maintaining an action against him. We therefore hold that the plaintiff can maintain this action.

We of course do not decide whether a wife can maintain an action against her husband for personal injuries that do not result from a motor vehicle accident. We decide only the question before us.

■ We now turn to the case against Loman Thompson, the driver of the automobile that collided with the automobile driven by Cornelia Jane Surratt's husband.

Before the accident the Surratt automobile and the Thompson automobile were proceeding west on Route 221 in Carroll County, the Thompson automobile in front of the Surratt automobile. As the automobiles approached the intersection of Routes 221 and 672, the Surratt automobile moved into the left lane to pass the Thompson automobile. While the Surratt automobile was passing the Thompson automobile, the Thompson automobile turned to the left and the two automobiles collided.

After both parties had rested, the trial court struck the plaintiff's evidence and entered judgment for defendant Thompson, without assigning reason for its action.

Thompson's counsel contends that the evidence showed that his client's automobile flashed a left turn signal before the Surratt automobile began to pass Thompson's automobile. We find, however, that the evidence was in conflict whether the Thompson automobile flashed a right turn signal or a left turn signal. So this factual issue should have been determined by the jury.

Thompson's counsel also contends that Surratt was negligent as a matter of law because he violated Code § 46.1-190(e), which proscribes passing at highway intersections. But the evidence did not show that the Surratt automobile had reached the intersection when it collided with the Thompson automobile.

The evidence at the first trial having raised a jury question

respecting Thompson's liability to the plaintiff-administrator, we reverse the judgment in favor of defendant Loman Thompson, as well as the judgment in favor of defendant Oscar Lee Surratt, and remand the case for new trials against both defendants.

*Reversed and remanded.*

COCHRAN, J., concurring in part and dissenting in part.

I disagree with the majority for the same reasons that prompted me to dissent in *Smith* v. *Kauffman, Adm'r.*, 212 Va. 181, 183 S.E.2d 190 (1971) this day decided, which overturned the parental immunity rule in automobile accident cases.

The majority have concluded that in the same class of cases the immunity heretofore enjoyed by one spouse from personal injury or death actions initiated by the other should also be eliminated. This decision, overruling *Keister's Adm'r.* v. *Keister's Ex'r.*, 123 Va. 157, 96 S.E. 315 (1918), appears to me to be a particularly unwarranted exercise of legislative powers by this court on a question of public policy.

In *Keister*, we held that the legislature, in removing a married woman's disabilities by Acts of Assembly 1900, Ch. 1139 (now Code § 55-36), nevertheless did not give her the right to sue her husband for a personal tort. Therefore, under the common law fiction of the identity of husband and wife, no such action could be maintained. Conceding that this fiction is outmoded I would nevertheless leave it to the legislature to grant the right of action whenever and to the extent it may be deemed proper in the public interest.

Contrary to the views of the majority I am convinced that abrogation of the immunity rule as between husband and wife will result in fraud and collusion or, in contested cases, directly contradictory testimony between members of the same family. Nor, in my opinion, is the fact that almost universal liability insurance coverage gives reasonable assurance that family finances will not be jeopardized a compelling reason for this sharp break with the principles of *stare decisis* to which we have adhered in the past. In any event, the arguments suggesting that at this time the immunity rule is obsolete because the avoidance of collusion and of disruption of family harmony are no longer as desirable as the right to compensation should be addressed to the legislature.

I would affirm the ruling of the trial court on this point.

HARMAN, J., concurring in part and dissenting in part.

I join with Justice Cochran in dissenting for the reasons which he has so ably stated.

In addition to those reasons, I would point out that the majority are admittedly changing the common law. In doing so they are violating the mandate of our present Constitution,[1] our former Constitution[2] and of statute.[3]

I would affirm the trial court.

---

[1] Constitution of Virginia, 1971, Schedule § 3
[2] Constitution of Virginia, 1902, Schedule § 1
[3] Code § 1-10