Rose ZURZOLA and Matthew Zurzola, Husband and Wife

v.

GENERAL MOTORS CORPORATION

v.

Jack MUTCHNICK et al.

Rose ZURZOLA et al.

v.

Jack MUTCHNICK and Deville Leasing Corporation

v.

Matthew ZURZOLA.

Civ. Nos. 70–308, 70–310.

United States District Court,
E. D. Pennsylvania.
April 18, 1972.

**768**

C. William Kraft, III, Philadelphia, Pa., for plaintiffs.

Norman Paul Harvey, George J. Lavin, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The sole issue before us is quite simple: whether New Jersey or Pennsylvania law applies to the issue of intraspousal contribution. On May 26, 1969, plaintiffs Rose and Matthew Zurzola sustained personal injuries as a result of a collision with a motor vehicle driven by defendant, Jack Mutchnick. The accident occurred at the intersection of Roosevelt Boulevard and Harbison Avenue in Philadelphia, Pennsylvania. At the time of the accident and ever since, the Zurzolas have resided in Margate, New Jersey. On the date of the accident, they had come to Philadelphia to visit relatives.

In Civil Action Number 70–308 plaintiffs filed suit against General Motors Corporation which in turn filed a third party complaint against Jack Mutchnick, Deville Leasing Corporation and Matthew Zurzola, the latter being joined as third-party defendant in June, 1970. In Civil Action 70–310 plaintiffs sued Jack Mutchnick and Deville Leasing Corporation who, in turn, joined Matthew Zurzola as third party defendants said joinder being effective in July, 1970.

Presently before this Court are motions of Matthew Zurzola to dismiss him as a third-party defendant on the premise that he is immune from contribution even if a jury finds that negligence on his part caused the injuries to his wife. For the reasons set forth below, we will grant those motions.

■■ Since the jurisdiction of this Court is based upon diversity of citizenship, we must apply the conflicts of law principles of the state of Pennsylvania. See Klaxon Company v. Stentor Electrical Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964), the Pennsylvania Supreme Court held that a court should examine the various contacts that each state has with the immediate matter in controversy to determine which state has a greater interest in the issue. And the law of the state most interested must be applied to resolve any such dispute.

"Whether the policies of one state rather than another should be furthered in the event of conflict can only be determined within the matrix of specific litigation. What should be sought is an analysis of the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law."

McSwain v. McSwain, 420 Pa. 86, 94, 215 A.2d 677, 682 (1966).

■ Applying this test, it is our considered judgment that New Jersey has the most significant interest in the issue of intraspousal contribution. Matthew and Rose Zurzola were domiciliaries of New Jersey at the time of this accident. Since New Jersey is the state which has the basic responsibility for regulating the incidents of the marital relationship, it follows that any effect which this litigation might have on the domestic relations of these parties is a primary concern to New Jersey.

On the other hand, Pennsylvania has an important interest in assuring its citizens safe travel on the state's highways. To the extent that the threat of liability deters carelessness, Pennsylvania arguably has an interest in intraspousal contribution. But resort to New Jersey law in this case should not significantly reduce any deterrence sought by Pennsylvania since the negligent spouse remains liable to third persons beyond the family relationship. Consequently, we are convinced that Pennsylvania would apply New Jersey law to the issue of intraspousal contribution.

In fact, the Pennsylvania Supreme Court's holding in McSwain v. McSwain, supra, mandates this conclusion. That case involved an automobile accident in Colorado involving married residents of Pennsylvania. Mrs. McSwain sued her husband in Pennsylvania under the Colorado Death Act alleging that the acci-

dent and death of their child were caused by his negligence. Under Colorado law, a wife could sue her husband directly in tort, whereas, Pennsylvania law barred direct intraspousal tort actions. The lower court held that Pennsylvania law applied and therefore, Mrs. McSwain was barred from suing. The Supreme Court affirmed and stated that:

"Our conclusion to look to the law of Pennsylvania on the issue of intramarital immunity rests . . . upon a determination that the circumstances of the instant case do not warrant the interjection of Colorado law into what is essentially a Pennsylvania family controversy." *Id.* 97, 215 A.2d 683.

■ Turning to New Jersey law, we find that in all instances intraspousal contribution was forbidden at the time of this accident. See, e. g., Kennedy v. Camp, 14 N.J. 390, 102 A.2d 595 (1953).

On July 10, 1970, however, the New Jersey Supreme Court changed the common law to permit such contribution in tort actions. See Immer v. Risko, 56 N. J. 482, 267 A.2d 481 (1970). Defendant Mutchnick argues that this opinion should apply retroactively to permit contribution in this case. Although retroactive application in the *Immer* case has great appeal, the New Jersey Supreme Court expressly held in Darrow v. Hanover Township, 58 N.J. 410, 278 A.2d 200 (1971) that the *Immer* decision had prospective application only. Since we are bound to follow New Jersey law and this accident occurred more than a year prior to the *Immer* opinion, we conclude that Matthew Zurzola enjoys immunity from contribution.

■ Even if we were to consider this case under Pennsylvania law, the result would not change. Although the defendants assert that Pennsylvania law permits joinder of a spouse as a third-party defendant for purposes of contribution, the recent Supreme Court case of Falco v. Pados, 444 Pa. 372, 282 A.2d 351

(1971) expressly held otherwise. Compare Ondovchik v. Ondovchik, 411 Pa. 643, 192 A.2d 389 (1963). Consequently, we must hold that Matthew Zurzola is immune from liability in this suit.