Dissenting Opinion by
Packel, J.:
Unless and until the Supreme Court or the General Assembly speaks, the interspousal immunity for personal injuries sustained during marriage is binding upon this Court. There is no reason, however, to extend the doctrine, so often criticized, to make it applicable to a pre-marital tort. Certainly, it is not within the *75 province of this Court to depart from recent rulings of the Supreme Court upholding the immunity, but it is not bound by the uncertain precedent of the only two Supreme Court cases, possibly conflicting, involving pre-marital torts.
In Meisel v. Little, 407 Pa. 546, 549, 180 A. 2d 772, 773 (1962), the Court, without any detailed or justifiable analysis, concluded that: “Unliquidated claims of damage are not (property’ within the meaning of the Act.” Accordingly, recovery was denied. In Ondovchik v. Ondovchik,, 411 Pa. 643, 192 A. 2d 389 (1963), judgment was entered in favor of a wife against her additional defendant-husband on a suit begun before the parties were married. It would appear that the decision was based on the alternative grounds that suit had been brought before the marriage and that the wife had not brought the suit against her husband but that he had been brought in by the original defendant. This latter ground was repudiated by a plurality decision in Daly v. Buberbaugh, 416 Pa. 523, 207 A. 2d 412 (1964), which case did not involve a pre-marital tort.
The crux of the problem of spousal immunity, pursuant to the last words of the Supreme Court, is that “such suits are specifically proscribed by statutory enactment.” Falco v. Pados, 444 Pa. 372, 384, 282 A. 2d 351, 357 (1971). The statutory proscription to which the Court refers is the Act of June 8, 1893, P. L. 344, §3, as amended by the Act of March 27, 1913, P. L. 14, §1, 48 P.S. §111. That legislation allows a married woman to sue or be sued as though she were unmarried, but also provides that neither spouse is permitted to sue each other except in proceedings for divorce or to protect or recover separate property. I am of the view that the legislation was not intended to prohibit an action by a spouse to recover on a cause of action *76 which came into existence prior to the marriage. The Legislature had specifically recognized that such a right in a woman was property. This appears in the Act of April 11, 1848, P. L. 536, §6, 48 P.S. §64: “Every species and description of property, whether consisting of real, personal or mixed, which may be owned by or belong to any single woman, shall continue to be the property of such woman, as fully after her marriage as before. . . .”
In taking this view, assuming the legislative proscription, I distinguish the pre-marital tort from the post-marital tort because the latter is the more usual situation and the one probably within the contemplation of the Legislature. In that event, the statute is to the effect that there is no cause of action for a post-marital personal injury and, accordingly, no separate property is involved. This, of course, cannot be true as to the pre-marital tort because it certainly was a property right at the time of the injury.[1] Property does not become nonproperty because of a marriage ceremony.
A host of cases from other jurisdictions squarely faced with the question of whether a right of action on an ante-nuptial injury is property within the meaning of Married Women’s Acts have responded in the affirmative. A very significant decision, particularly in view of the scrupulous regard of English judges for stare decisis, is Curtis v. Wilcox, 2 K.B. 474 (1948), which reversed a prior contrary holding. In Carver v. *77 Ferguson, 115 Cal. App. 2d 641, 643, 254 P. 2d 44, 46 (1353) (case dismissed on appeal after settlement), the plaintiff was injured by ber future husband and brought suit after marriage, and the Court, in reversing the lower court which had dismissed the complaint, held: “. . . the entire transaction must be regarded as one by the wife concerning her separate property, as to which no disability to litigate can be asserted according to the fortuitous circumstances of whether the defendant happens to be her husband instead of a third party. . . . The fundamental feature of this case is the fact that the right accrued to the wife prior to marriage.” In Hamilton v. Fulkerson, 285 S.W. 2d 642, 645 (Mo. 1355), suit was instituted for injuries arising out of an automobile accident two days before the parties were married, and the court pointed out: “The language of the statute seems broad and plain. It provides that a woman’s personal property, which, of course, includes a cause of action, owned by her at the time of marriage is to be and remain her separate property and under her control and that she may maintain any action for the recovery of that personal property as if she were unmarried.” Subsequently, the same court in Berry v. Harmon, 329 S.W. 2d 784 (Mo. 1959) held it was immaterial that the suit was brought after marriage rather than prior to the marriage. There are other cases to the same effect.[2] It must be kept in mind that the Curtis, Carver, Hamilton and other cases that dealt with actions for the ante-nuptial torts were held maintainable, even though those jurisdictions still declined to entertain actions for post-nuptial torts.
It should also be pointed out that there are a good number of cases which, relying upon the old common *78 law fiction and the so-called public policy,[3] do not allow recovery for pre-marital torts, but none of those cases take the position that a property right is not involved.[4]
It may well be that , our Supreme Court may choose to depart from the doctrine of spousal immunity.[5] That, however, is not necessary as to the instant case because a real analysis of a spouse’s right in connection with a pre-marital tort makes it manifest that it is a property right. Hence, suit thereon is not proscribed by statute.
The action of the court below should be reversed.
Hoffman and Spaulding, JJ., join in this dissent.

 Juaire v. Juaire, 259 A. 2d 786 (Vt. 1969) ; O'Grady v. Potts, 193 Kan. 644, 396 P. 2d 285 (1964) ; cf. Gaston v. Pittman, 224 So. 2d 326 (Fla. 1969).

 Although Meisel, supra, expresses the view that unliquidated claims of damage are not property, there is no real foundation for such a conclusion. An unliquidated claim whether in tort or contract is manifestly a chose-in-action which constitutes property. Assignability is not a necessary attribute of property. See, Williams, “Is a Sight of Action in Tort a Chose in Action,” 10 L.Q. 143 (1894) and cases hereinafter referred to in the text and in the next footnote.

 These concepts apparently have been abandoned even in Pennsylvania, and are no longer relied upon as authority for inter-spousal immunity, Falco v. Pados, supra, 444 Pa. at 384, 282 A. 2d at 357.

 Hennenger v. Lomas, 145 Ind. 287, 44 N.E. 462 (1896) ; Spector v. Weisman, 40 F. 2d 792 (D.C. 1930) ; Scales v. Scales, 168 Miss. 439, 151 So. 551 (1934) ; Lubowitz v. Taines, 239 Mass. 39, 198 N.E. 320 (1935) ; Staats v. Co-operative Transit Co., 125 W. Va. 473, 24 S.E. 2d 916 (1943) ; Furey v. Furey, 193 Va. 727, 71 S.E. 2d 191 (1952) ; Palmer v. Edwards, 155 So. 483 (La. App. 1934), Out see the companion case of Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191 (1935), which allowed recovery to Mrs. Edwards née Palmer against her husband’s insurance carrier.

 The elimination of the interspousal immunity could be on any one of the following grounds: (1) a tort claim for an injury during coverture is property even though unliquidated; (2) the realities of the situation, as far as this issue is concerned, is that the suit is against an insurance carrier; (3) the title of the so-called proscriptive legislation refers to enlarging the rights of married women, so that a husband’s rights are not proscribed thereby and the new constitutional provision, Article I, §27 provides for equality between'the sexes; or (4) the allowance of recovery for injury to the property of a spouse but not for injury to his or her person is arbitrary and capricious, and hence unconstitutional.