LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Joan M. Self

    v.

Robert S. Whitlow, III

    v.

Hunter M. Self, Jr.

September 18, 1972

Ended File No. 1973

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the motion of the third party defendant to dismiss the third party motion for judgment filed by the defendant herein.

The issue raised by the motion is whether the decision of Surratt, Adm'r. v. Thompson, 212 Va. 191 (1971), which abrogated the doctrine of interspousal immunity in actions for personal injuries resulting from motor vehicle accidents, should be given any retrospective effect. The plaintiff seeks recovery for damages as the result of personal injuries allegedly sustained in a motor vehicle collision wherein she was the passenger in a vehicle operated by her husband which collided with one operated by the defendant Whitlow. Whitlow has filed a third party complaint against the plaintiff's husband, who has pleaded interspousal immunity.

The cause of action sued upon arose on June 1, 1970. Surratt was decided on September 1, 1971.

Surratt is prospective only. Darrow v. Hanover Township, 278 A.2d 200 (N.J. 1971). Darrow held that Immer v. Ricks, 267 A.2d 481 (N.J. 1970), was prospective only. Immer abrogated interspousal immunity in New Jersey in 1970 and was one of the cases relied on by our Court in Surratt. No Virginia decision has been cited or found on this precise question. See Cogley v. Peyton, 208 Va. 679 (1968), wherein a decision holding the appointment of a guardian ad litem to protect the interests of a minor in juvenile court proceedings to be mandatory and jurisdictional was given retroactive effect. See also Cradle v. Peyton, 208 Va. 243 (1967), cert. den. 88 S. Ct. 2296, 392 U.S. 945, 20 L.Ed. 2d 1407, which held that certain constitutional standards applicable to juvenile proceedings should be given only prospective effect.

The traditional or classical view was that by overruling a prior decision the court does not make new law, but that it merely discovers and announces existing law. The earlier decisions were not considered to be the law, but mere evidences of the law. Therefore, under this view, an overruling decision is given full retroactive effect and the correct (new) rule applies to all questions subsequently coming before the court, without regard to the chronology of the factual events giving rise to the issues presented. Anno. 10 A.L.R.3d 1371, 1377, 1378, 1382.

The modern view takes a more practical approach to the judicial function and recognizes the power of the court to hold that an overruling decision shall operate only prospectively. Now most courts "treat the question of how an overruling decision should operate as one of judicial policy rather than of judicial power, and recognize that varying results may be reached depending on the particular circumstances presented and the particular rule affected." Ibid., p. 1378.

When considering the circumstance and the particular rule involved herein, a decision to give full retroactive effect to Surratt would result in a failure to recognize the detriment which would result to

those who have placed <u>reliance</u> on the former decisions of the Virginia Supreme Court dating at least from 1918 enforcing the interspousal immunity rule. These decisions are discussed in <u>Surratt,</u> 212 Va. at 192 and 193. Furthermore, to give the decision retroactive effect would promote instability in an area of the law where <u>stability</u> is of prime importance. 51 Va. L. Rev. 201, 234 (1965).

Reliance has been the prime reason leading courts of other jurisdictions to give overruling decisions prospective effect only. 278 A.2d at 203 and 205. It has also been recognized by our Supreme Court as one of the essential elements to be considered. See 208 Va. at 247 and 682. See also <u>Bridgers</u> v. <u>Commonwealth,</u> 211 Va. 370, 371 (1970). In the field of intra-family torts specifically and negligence generally, a prior rule of substantive law is an element which is likely to be considered and relied on by the individual in determining what financial protection he needs. Moreover, the insurance industry providing such protection relies upon the state of the law in determining the degree of the risk entailed and the rate of the premiums charged, and in deciding whether to investigate accidents which result in the possibility of claims between their insureds in the same family.

It is crucial for a defendant, or his representative, to gather evidence as soon as possible after an accident. To require the opening of claims which have gone stale because of a failure promptly to investigate would result in a lack of <u>stability</u> this area of the law. "Prospectivity permits the court to introduce an important change in the law with minimal disruption; it will not affect past conduct and relationships." 278 A.2d at 205.

The result in <u>Surratt,</u> of course, benefitted the prevailing party there; so to that extent the decision acted retroactively upon the parties to that case. This result can be "justified on the ground that the party responsible for convincing the court to overrule its earlier case should be singled out and rewarded, so that there will be an incentive for persons to seek

to have old, outmoded, unjust rules overturned."
10 A.L.R.3d at 1380. See also 51 Va. L. Rev. at 214.

For these reasons, the motion to dismiss is sustained.