**Angela Pi-Ai CHEN, Plaintiff,**

v.

**Daniel LIAO and Anita V. Smith, Defendants.**

Civ. A. No. 75–375.

United States District Court, D. Delaware.

Oct. 13, 1976.

Arthur Inden, and Richard A. Zappa, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiff.

Raymond L. Becker, of Becker & Ferri, Wilmington, Del., for defendant, Daniel Liao.

Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant, Anita V. Smith.

## OPINION

STAPLETON, District Judge.

This is a tort action arising from an automobile accident which occurred in Delaware. Jurisdiction is based on diversity. At the time the suit was filed, plaintiff was a resident of New York, defendant Smith was a resident of Delaware and defendant Liao was a resident of Toronto, Ontario, Canada. Defendant has moved to dismiss the action against him on the ground of interspousal immunity. For the reasons stated below, the motion to dismiss will be denied.

## FACTUAL BACKGROUND

The complaint alleges that on May 25, 1975, defendant Liao was driving an automobile on Route 13 in Delaware. The plaintiff was a passenger in the car when it collided with another vehicle driven by defendant Anita Smith. Ms. Chen was injured in the accident. On November 21, 1975, she commenced this action charging each of the defendants with negligence and praying for damages of $250,000. Thereafter, on December 3, 1975, plaintiff and defendant were married and they have been living together as husband and wife in Ontario, Canada since that time. Liao argues that his marriage to the plaintiff prevents her from seeking recovery against him.

The parties have briefed and argued the question of whether this issue is governed by the law of Delaware, the forum state and the site of the accident, or the law of New York, where Ms. Chen was domiciled both at the time of the accident and at the time she filed suit, or the law of Ontario, the present marital domicile. I have concluded that, regardless of which jurisdiction's law controls, the result is the same.

This suit is not barred under the doctrine of interspousal immunity.

## NEW YORK LAW

█  Under the law of New York, it is clear that the defendant has no immunity from suit by his wife for personal injuries. This is true whether the tort occurred prior to or during the marriage. New York General Obligations Law § 3–313 provides:

A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury . . . as if they were unmarried.

See also Stonborough v. Preferred Accident Insurance Co., 180 Misc. 339, 40 N.Y. S.2d 480, aff'd without opinion, 266 App. Div. 838, 43 N.Y.S.2d 512, aff'd., 292 N.Y. 154, 54 N.E.2d 342 (1943).

## ONTARIO LAW

The Legislative Assembly of the Province of Ontario, as part of the Family Law Reform Act of 1975, enacted a provision abolishing the defense of interspousal immunity for tort action.[1] This Act became effective on July 10, 1975, after the accident involved in this case occurred, but before this suit was brought and before the parties were married. Counsel have not pointed to any authorities suggesting whether, under Canadian principles of statutory construction, the new statute applies to torts pre-dating the effective date of the Act. However, I conclude that even prior to the passage of the Act, Ontario courts would not have extended interspousal immunity to antenuptial torts.

In Curtis v. Wilcox [1948] 2 K.B. 474, the Court of Appeals of the King's Bench interpreted the English Married Woman's Prop-

---

1. The Family Law Reform Act of 1975 provides in pertinent part:

1.-(1) For all purposes of the law of Ontario, a married man has a legal personality that is independent, separate and distinct from that of his wife and a married woman has a legal personality that is independent, separate and distinct from that of her husband.

(2) A married person has and shall be accorded legal capacity for all purposes and in all respect as if such person were an unmarried person.

(3) Without limiting the generality of subsections 1 and 2,

(a) each of the parties to a marriage has the like right of action in tort against the other as if they were not married; . . . .

erty Act of 1882 to permit a wife to sue her husband for a tort committed before marriage, though she does not have a cause of action against him for torts occurring during the marriage. The Court reasoned that the chose in action is a property right which the wife possessed at the time she married. The Property Act permits a wife to sue her husband to secure her separate estate.

■ The Canadian Parliament adopted the English Act shortly after it became the law in England and, thus, it seems likely that the Ontario courts would follow the King's Bench interpretation. The Law Reform Commission that prepared the recommendations for the Ontario Family Law Reform Act, *supra,* took the position that *Curtis v. Wilcox* was the law of Ontario. IV Ontario Law Reform Commission Study of the Family Law Project 124–26 (1968). *See also* Ontario Married Woman's Property Act of 1960, § 1(b), which specifically provides that a chose in action is a property right. Accordingly, whether under the new statute or the older case law, the Ontario courts would permit the plaintiff to go forward with this action.

## DELAWARE LAW

■ Delaware has a long-standing rule prohibiting personal injury suits between husband and wife. *Short Line Inc. of Penn. v. Perez,* 238 A.2d 341 (Del.1968); *Saunders v. Hill,* Del., 202 A.2d 807 (1964); *Plotkin v. Plotkin,* 2 W.W.Harr. 455, 125 A. 455 (1924). The Delaware Supreme Court has never considered whether this rule applied when the injury complained of was received before the parties were married. This issue has arisen in many other state Supreme Courts, however, and, during the last twenty years, the overwhelming majority of courts have held that this doctrine should not be extended to include pre-marital torts, particularly when the action is also commenced prior to the marriage. *Moulton v. Moulton,* 309 A.2d 224 (Me.1973); *Pearce v. Boberg,* 89 Nev. 266, 510 P.2d 1358 (1973); *Surratt v. Thompson,* 212 Va. 191, 183 S.E.2d 200 (1971); *Juaire v. Juaire,* 128 Vt. 149, 259 A.2d 786 (1969) (suit may be brought in equity); *Beaudette v. Frana,* 285 Minn. 366, 173 N.W.2d 416 (1969); *O'Grady v. Potts,* 193 Kan. 644, 396 P.2d 285 (1964); *Ondovchik v. Tyborowski,* 411 Pa. 643, 192 A.2d 389 (1963). *Contra Monk v. Ramsey,* 223 Tenn. 247, 443 S.W.2d 653 (1969); *Benevides v. Kelly,* 90 R.I. 310, 157 A.2d 821 (1960).

Delaware has traditionally justified the immunity doctrine as a means of promoting family harmony and preventing insurance fraud, *Saunders v. Hill, supra,* at 808, and it is appropriate to look to these policies in attempting to predict where the Supreme Court of Delaware would draw the boundary of that doctrine.

A number of courts have observed that the public policy in favor of matrimony and family harmony favors a different result in an antenuptial tort situation than it does in a postnuptial tort context. As the Supreme Judicial Court of Maine has noted in a case where the accident preceded the marriage:

We see little jeopardy to marriage harmony. When the wrong occurs prior to marriage, the parties, thus aware of it and that it may be enforced, expectably, will take it into account in arriving at their marriage decision. . . . Neither should it be the foundation of a public policy which, by making marriage between them the instrumentality for denying to one person injured by another the right of a Court action, could yield the counterproductive consequence that marriage may be foregone, or postponed to ensure achievement of legal satisfaction for a wrong done.

*Moulton v. Moulton, supra,* at 228–29. I believe that the Supreme Court of Delaware would find these observations persuasive.

Turning to the second policy consideration which has been referred to by the Delaware courts as supporting the doctrine of interspousal immunity, we find that the Delaware Supreme Court, while recognizing the desirability of discouraging collusion and insurance fraud, has refused to give this policy consideration controlling significance where there are substantial counter-

vailing policy considerations. See *Robb v. Pennsylvania Railroad Company,* 210 A.2d 709, 714 (Del.1965) (refusing to adopt the "impact rule" which forbids tort recovery for fright and shock in the absence of a contemporary physical injury). Delaware has a strong public policy favoring matrimony and family harmony, and I believe it is the primary policy underlying its immunity rule. The concern about insurance fraud, while a real one, is subsidiary. In light of the potential negative impact on marriage that would result from extending immunity to pre-nuptial torts, I conclude that the Delaware Supreme Court would not accord the insurance fraud argument controlling weight.[2] Thus, I conclude that under the law of Delaware, as well as the law of New York and of Ontario, this suit is not barred by plaintiff's marriage to defendant.

**2.** Other courts, in limiting the immunity doctrine to post-marital torts, have adopted reasoning similar to that in *Curtis v. Wilcox, supra,* that the tort claim is a property right which is part of the wife's separate estate at the time of marriage and is not extinguished by marriage. *Pearce v. Boberg, supra; Juaire v. Juaire, supra; O'Grady v. Potts, supra.* Still others have abolished the doctrine altogether. *See, e. g., Immer v. Risko,* 56 N.J. 482, 267 A.2d 481 (1970). Finally, a third group of courts, including the Supreme Court of Delaware, have implied in their discussions of the doctrine that it is one that is ripe for legislative repeal. *Saunders v. Hill, supra,* at 810; *Meisel v. Little,* 407 Pa. 546, 180 A.2d 772 (1962).