## Lucienne T. Fournier v. Adelard J. Fournier

[415 A.2d 1320]

No. 198-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 3, 1980

*Peter J. R. Martin,* St. Albans, for Plaintiff.

*Richard A. Gadbois,* Enosburg, for Defendant.

 Billings, J. The parties were divorced on August 24, 1973. At that time they had three children, then ages 16, 14 and 13, respectively. The final decree resulted from a stipulation of the parties, and in part provided as follows:

> That the husband makes the following provision for the support and maintenance of the wife and the minor children in lieu of all other and prior written or oral agreements and other obligations of the husband to the wife thereon:
>
> a) The husband shall simultaneously with the delivering of the various documents vesting title in him to the real estate and personal property as provided in Paragraph 3 above, deliver and pay to the said wife the sum of Fifteen Thousand and 00/100 ($15,000.00) Dollars;
>
> b) The husband in addition to the payment of the Fifteen Thousand and 00/100 ($15,000.00) Dollars as provided in Paragraph 6a above shall on the same date deliver to the wife for her benefit and the benefit of the children, a note in the principal amount of Twenty Thousand and 00/100 ($20,000.00) Dollars. The said note shall run to the benefit of the wife and the minor children and shall be amortized in five (5) equal installments of Four Thousand and 00/100 ($4,000.00) Dollars per year with the first (1st) payment to be made on the 1st day of July, 1974 and the additional four (4) payments to be made on July 1, 1975, July 1, 1976, July 1, 1977 and the last payment to be made on July 1, 1978. This note payable to the wife and minor children in the amount of $20,000.00, shall be secured by the execution by the husband-defendant of a second (2nd) mortgage on the real estate which he shall own on the Golf Course in Richford, Vermont;

Pursuant to the first paragraph of the stipulation and order, the defendant-appellant paid plaintiff-appellee $15,000, and the plaintiff conveyed her interest in the home farm to the

defendant. Simultaneously, the defendant executed a note to the plaintiff which read as follows:

> FOR VALUE RECEIVED, I, ADELARD FOURNIER, promise to pay to the order of LUCIENNE FOURNIER, the sum of Twenty Thousand and no/100 ($20,000.00) Dollars without interest. This Note shall be amortized by five (5) equal annual payments of Four Thousand and no/100 ($4,000.00) Dollars each, beginning on the 1st day of July, 1974, and continuing on the 1st day of July of each and every year thereafter until the entire principal of this Note is paid in full. The purpose of this Note is to provide for the support of my minor children, John, Denise and Mark Fournier, in accordance with a Final Stipulation of even date in a pending divorce action, Lucienne Fournier v. Adelard Fournier, Franklin County Court, Vermont.
>
> In the event of default in payment of any of the aforesaid installment payments for a period of sixty (60) days, the entire balance on the Note shall become immediately due and payable at the option of the holder here thereof.
>
> If this Note is placed in the hands of an attorney for collection after default, I promise to pay all costs and expenses of collection, including a reasonable attorney's fee.

The defendant paid the plaintiff one installment of $4,000, leaving a balance of $16,000. On February 15, 1977, the plaintiff commenced a civil action against the defendant in order to collect the balance on the promissory note and attorney's fees. After trial by court, a judgment was entered on April 26, 1979, for the plaintiff in the amount of $16,000, plus $1,000 attorney's fees and costs. Defendant appeals claiming that a portion of the monies due on the note are payable to the children, who now are all of age, and further claims that the note was without consideration since the documents here involved were executed by the parties prior to the expiration of the divorce decree nisi period and, hence, are unenforceable as a contract between husband and wife.

The language of the divorce stipulation on which the decree and subsequent note are based provides that the plaintiff "shall

use the money from the husband . . . to support and maintain herself and the said children." No attempt was made at that time to set up guardianship estates for the children which would have been mandated if any part of the payment were due them, and no attempt was made to apportion any of the amounts payable amongst the children based on the differing burdens of support and their ages. The evidence shows that the plaintiff solely supported the children, and that they were, at the time of judgment, all of age. The plain meaning of the instruments makes it clear that the plaintiff is due all monies outstanding on the note.

The defendant claims error in that the note as a contract between husband and wife was unenforceable because it was without consideration in that it was executed prior to the expiration of the nisi period. Prior to the enactment in 1978 of statute authorizing transfers between husband and wife, 27 V.S.A. § 349, contracts between husband and wife were enforceable in equity, although void at law. *Travelers Insurance Co.* v. *Gebo,* 106 Vt. 155, 162, 170 A. 917, 920 (1934). This rule has also been applied in tort suits. *Juaire* v. *Juaire,* 128 Vt. 149, 151–52, 259 A.2d 786, 788 (1969). More recently, we have held that actions between husband and wife come within civil actions pursuant to V.R.C.P. 2. *Richard* v. *Richard,* 131 Vt. 98, 104, 300 A.2d 637, 640 (1973) (tort action). The contract here involved results from a court order, and in divorce proceedings contracts between husband and wife dealing with alimony and support will be recognized and enforced provided there is no evidence of collusion or fraud. *Strope* v. *Strope,* 131 Vt. 210, 216, 303 A.2d 805, 809 (1973). The note given here is valid and enforceable and is not without consideration. The judgment below must be sustained.

*Affirmed.*