**Margaret M. Krier HAWTHORNE, Plaintiff,**

v.

**Thomas L. BEAM and L. Wallace Sink, Administrator of the Estate of Joseph Krier, Deceased, Defendants.**

**Civ. A. No. 83–134–N.**

United States District Court, E.D. Virginia, Norfolk Division.

March 11, 1983.

Stanley E. Sacks, Girard C. Larkin, Jr., Sacks, Sacks & Larkin, Norfolk, Va., for plaintiff.

Henry C. Morgan, Jr., Thomas S. Shadrick, Pender & Coward, Joseph M. Young, Reynolds, Smith & Winters, Norfolk, Va., for defendants.

## OPINION AND ORDER

DOUMAR, District Judge.

This matter comes before the Court on the defendants' joint motion to dismiss on the ground that this Court lacks the requisite subject matter jurisdiction to hear this action. The plaintiff has filed a brief in opposition to the motion. A hearing on the motion was held before this Court on March 7, 1983. The defendants' motion is GRANTED, and the action is hereby ORDERED DISMISSED.

Asserting diversity of citizenship as the Court's jurisdictional basis, the plaintiff has brought suit against Thomas Beam, a citizen of Indiana and against L. Wallace Sink, a citizen of Virginia who, on September 17, 1982, qualified as administrator of the estate of Joseph Krier (the plaintiff's deceased husband) in the Circuit Court for the County of York, Virginia. The plaintiff, her son and her husband immediately prior to his demise were all residents of the State of New York. In her complaint, the plaintiff has alleged that, on September 25, 1980, her husband, Joseph Krier, had been operating an automobile in which she was a passenger on Route 132 in York County, Virginia. An accident involving the Krier vehicle and a vehicle driven by defendant Beam occurred near the intersection of Route 143 and Route 132. The plaintiff states that the collision and the injuries she sustained during the accident were caused by the negligence of defendant Beam and her husband.

The defendants have denied the essential averments of the complaint and have moved to dismiss the complaint on the ground that the Court lacks the necessary subject matter jurisdiction to entertain this action. This Court agrees.

Section 1332(a)(1) of Title 28 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (1982 Cum.

Supp.). Diversity jurisdiction is, however, not unlimited.[1]

Section 1332(a) jurisdiction is determined as of the commencement of an action. *Louisville NA & C.R. Co. v. Louisville Trust Co.,* 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081 (1899). The statute requires complete diversity of citizenship. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

The United States Supreme Court has held that where an administrator is required to institute a lawsuit under a statute giving right to recovery for wrongful death and is charged with the responsibility for the conduct or settlement of such a suit and for the distribution of any proceeds to the statutory beneficiaries, the citizenship of such administrator will control for diversity purposes. *Mecom v. Fitzsimmons Co.,* 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). Construing this general principle in light of the Supreme Court's subsequent holding in *Kramer v. Caribbean Mills,* 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969) (although assignment of claim by Panamanian Corporation to Texas attorney was valid under state law, it would not support federal diversity jurisdiction because it was effected solely to manufacture diversity of citizenship), the Fourth Circuit has stated that the rule in *Mecom, supra* should not be considered an inflexible rule. Rather, a court must examine the duties and responsibilities of an administrator when it decides how the administrator's presence in an action impacts upon diversity jurisdiction. *Miller v. Perry,* 456 F.2d 63 (4th Cir.1972). *Cf. Curzi v. Turioscy,* 507 F.Supp. 806 (E.D. 1981) (whether the administrator has been appointed to attain diversity of citizenship requires reference to the identity of the administrator, his relationship to the party he represents, the scope of his powers and duties, his expertise in the administration of decedents' estates, the reasons for his selection and the essential nature of the law-

suit). In *Bishop v. Hendricks,* 495 F.2d 289 (4th Cir.1974) Judge Russell embellished upon the principle set forth in *Miller, supra* and indicated that a court should consider the substantive facts underlying the appointment which would fix the administrator's status as something other than nominal. Simply stated, a district court's inquiry should focus upon whether the administrator has any real or substantial interest in the outcome of the litigation. *Id.* See *Messer v. American Gems, Inc.,* 612 F.2d 1367 (4th Cir.1980).

Through responses to requests for admissions and by counsel in open court, the plaintiff has admitted that L. Wallace Sink, the administrator, has no stake whatsoever in the outcome of this litigation. The plaintiff has also admitted that on the day of the accident, the date of Joseph Krier's death, the date of qualification and the date this action was filed, L. Wallace Sink had no acquaintance or relationship with the decedent or the decedent's heirs; he is merely an attorney friendly with the plaintiff's attorney, who agreed to serve in order to allow a suit to be filed. It has likewise been admitted by the plaintiff that at the time of the decedent's death and at present there were and are no assets in the estate of Joseph Krier subject to administration in Virginia or any other locality. Apart from the perfunctory acceptance of suit papers, L. Wallace Sink performs no duties with regard to the preservation, distribution or defense of any assets in an estate. Moreover, no portion of any money judgment ultimately recovered by the plaintiff would or could come from the decedent's estate; money relief would instead be awarded directly to the plaintiff from an insurance company. The administrator has no interest in the conduct or settlement of the suit. Indeed, counsel for the insurance company can best contact his nominal client, the administrator, by contacting counsel for the plaintiff.

---

1. Under § 1359 of Title 28 a district court shall not have jurisdiction over a civil action in which any party by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

28 U.S.C. § 1359 (1976). *See Lester v. McFaddon,* 415 F.2d 1101, 1104 (4th Cir.1969) (§ 1359 attempts to limit federal jurisdiction, not to protect it).

What exists here is a Virginia administrator who has done nothing more than lend, without interest, his name and citizenship to a New York plaintiff for the purposes of maintaining this action against a non-party insurance company. As between the plaintiff and the defendant administrator the essence of an adversarial relationship is clearly lacking.

The non-adversarial nature of these proceedings is a by-product of the Virginia Supreme Court's 1971 decision in *Surratt v. Thompson,* 212 Va. 191, 183 S.E.2d 200 (1971). In *Surratt,* that Court abolished the common law interspousal immunity doctrine for automobile accident litigation. *Cf. Korman v. Carpenter,* 216 Va. 86, 216 S.E.2d 195 (1975) (action for wrongful death may be maintained, based upon injuries to one spouse during marriage arising out of a wrongful act by the other spouse, when such act results in the termination of marriage by death). *But see Counts v. Counts,* 221 Va. 151, 266 S.E.2d 895 (1980) (wife is immune from liability in tort for personal injuries intentionally inflicted upon husband at her direction during marriage, when parties are divorced from bond of matrimony at time action is instituted).

The Virginia Supreme Court was prompted to partially abrogate the interspousal immunity doctrine in *Surratt* primarily because there exists a "high incidence of insurance covering automobile accidents." *Surratt v. Thompson, supra,* 212 Va. at 202, 183 S.E.2d 200. The Virginia Supreme Court's recognition of a pool of insurance monies appears to have spurred litigants in the marital setting to utilize ingenious means through which they can recover from an insurance carrier.

Our system of jurisprudence is based upon adversarial proceedings, and when the best interests of the plaintiff as well as the best interests of the defendant are served by so to speak "sticking it to a third person", it is no longer jurisprudence, nor does it in any way reflect justice or prudence. Since the plaintiff's attorney indicates that the administrator has no stake or interest in the outcome of the litigation and that the

estate would in no way be actually liable for the acts alleged in the complaint, then there is no controversy between the administrator and the plaintiff which exceeds the sum of $10,000, and there exists no diversity jurisdiction within the contemplation of 28 U.S.C. § 1332(a)(1). *See Indemnity Insurance Company of North America v. First National Bank at Winter Park, Fla.,* 351 F.2d 519 (5th Cir.1965) (where jurisdiction is at issue, district court must determine whether there is an actual, substantial controversy between citizens of different states); *Webster Dictionary Company, Inc. v. William Collins Plus World Publishing Co., Inc.,* 436 F.Supp. 927 (W.D.N.Y.1977) (jurisdiction of federal courts in diversity of citizenship cases is based upon the existence of a "controversy" and not upon an eventual resolution of a case).

There being no actual controversy between the plaintiff and the defendant administrator in excess of $10,000 exclusive of costs and interests, this Court lacks jurisdiction over this action. Accordingly, this action is hereby ORDERED DISMISSED.

IT IS SO ORDERED.